TONIA OUELLETTE KLAUSNER, *admitted pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7706
Facsimile: (212) 999-5899
tklausner@wsgr.com

PETER C. HOLM, State Bar No. 299233
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1 Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
pholm@wsgr.com

Attorneys for Defendant
TELENAV, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN GERGETZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>TELENAV, INC., a Delaware corporation<br><br>    Defendant. | CASE NO.: 5:16-cv-4261-BLF<br><br>**DEFENDANT TELENAV INC.'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL BRIEF**<br><br>Date: December 21, 2017<br>Time: 9:00 AM<br>Dept.: 3, 5th Floor<br>Before: Honorable Beth Labson Freeman |

1    Defendant Telenav, Inc. ("Telenav") files this Motion to Strike Plaintiff's Supplemental
2 Brief Regarding Defendant's Motion to Dismiss (Dkt. No. 59) ("Supplemental Brief"). The brief
3 should be stricken because it violates the parties' mediation confidentiality agreement (agreeing
4 to keep confidential all information discussed during the mediation and to abide by California
5 Evidence Code § 1119), as well as Federal Rule of Evidence 408.

6    In his Supplemental Brief, Plaintiff repeatedly refers to information "obtained during the
7 Parties' mediation." Supplemental Brief at 2. Plaintiff seeks to use this "information provided
8 during the mediation process" (Supplemental Brief at 3) to bolster both his allegations regarding
9 the use of an ATDS (Supplemental Brief at 2) and his allegations regarding the maker of the call
10 (Supplemental Brief at 3). This is wholly improper. Federal Rule of Evidence 408 provides that
11 "conduct or a statement made during compromise negotiations about the claim" "is not
12 admissible—on behalf of any party—either to prove or disprove the validity or amount of a
13 disputed claim or to impeach by a prior inconsistent statement or a contradiction." F.R.E. 408(a).
14 "Federal Rule of Evidence 408 prohibits a party from disclosing statements made or positions
15 taken during settlement negotiations." *Notter v. City of Pleasant Hill*, No. 16-cv-04412-JSC,
16 2017 U.S. Dist. LEXIS 197404, at *11 (N.D. Cal. Nov. 30, 2017). "[C]ourts have inherent power
17 to strike inappropriate materials such as confidential mediation and settlement information that
18 are improperly part of the public record." *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW
19 (DMR), 2010 U.S. Dist. LEXIS 113219, at *16 (N.D. Cal. Oct. 15, 2010) (granting motion to
20 strike papers revealing mediation discussions and post-mediation settlement negotiations).
21 Courts in this district are clear that this means they will not entertain attempts to introduce
22 information obtained during mediation or settlement discussions. *Notter*, 2017 U.S. Dist. LEXIS
23 197404, at *11 ("The Court thus will not consider the Defendants' arguments to the extent they
24 are based on positions Plaintiff's counsel may have taken during settlement negotiations.");
25 *Simonelli v. Univ. of Cal. - Berkeley*, No. C 02-1107 JL, 2008 U.S. Dist. LEXIS 44589, at *22
26 (N.D. Cal. Feb. 14, 2008) ("Nor is evidence of conduct or statements made in the course of
27 compromise negotiations admissible."); *Microsoft Corp. v. Suncrest Enter.*, No. C 03-5424 JF
28 (HRL), 2005 U.S. Dist. LEXIS 39065, at *6 (N.D. Cal. Dec. 28, 2005) (granting motion to

strike: "The Court cannot consider evidence of statements made during the mediation proceedings.").

In addition to his violation of F.R.E. 408, Plaintiff has flouted the terms of the parties mediation confidentiality agreement. That agreement, signed by Plaintiff's counsel, required the parties not only to abide by F.R.E. 408, but also applies California Evidence Code § 1119 to the mediation. Declaration of Tonia Ouellette Klausner in Support of Defendant Telenav Inc.'s Motion to Strike ("Klausner Decl."), Ex. 1.[1] California Evidence Code § 1119 goes even further than F.R.E. 408, providing not only that "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible" but also that ***"[a]ll communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential."*** Cal. Evid. Code § 1119(a),(c). Plaintiff's reference to information provided at the mediation violates this requirement.

Moreover, Plaintiff proposes to share with the Court the information exchanged subject to the mediation agreement "*in camera*" (Supplemental Brief at 2) to support his positions in the case.  This is patently improper. Violating the parties' agreement and the Federal and State Rules of Evidence *in camera* does not eliminate the violations.

Accordingly, Telenav respectfully requests that the Court strike Plaintiff's Supplemental Brief in its entirety, and that the Court order Plaintiff to refrain from discussing or revealing any information obtained during the parties' mediation process at the December 21, 2017 hearing, as well as imposing such further and other relief as the Court deems appropriate.

Dated: December 15, 2017

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Tonia Ouellette Klausner*
       TONIA OUELLETTE KLAUSNER
Attorneys for Defendant
TELENAV, INC.

---

[1] The agreement allows the disclosure of the agreement in order to "prove the existence of and/or enforce the agreement." Klausner Decl. Ex. 1.