RICHARD T. DRURY (SBN 163559)
richard@lozeaudrury.com
REBECCA DAVIS (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Attorneys for Plaintiff
NATHAN GERGETZ

[Additional attorneys listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN GERGETZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>TELENAV, INC., a Delaware corporation<br><br>    Defendant. | CASE NO.:  5:16-cv-4261-BLF<br><br>**PLAINTIFF'S OPPOSITION TO TELENAV'S MOTION TO STRIKE SUPPLEMENTAL BRIEFING REGARDING DEFENDANT'S MOTION TO DISMISS [DKT 24]** |

I.   **Introduction**

If Telenav objects to the sharing of *any* information that has been disclosed to date under the auspices of the Parties' confidentiality agreement, even information that was disclosed long before the confidentiality agreement was executed, then that is fine with Plaintiff Gergetz—any such references are withdrawn. Indeed, Telenav can continue to play hide the ball all it chooses[1]—in reality the Complaint overwhelmingly pleads facts that a multitude of other courts have found sufficiently alleged that a TCPA defendant used an ATDS to send text messages.

---

[1] The Court should recall that Telenav had to be compelled to disclose information regarding its insurance coverage with respect to these claims. In its view it should have been able to negotiate a settlement without disclosing such information at all. The Court disagreed and, prior to granting another 60 days for the Parties to continue settlement discussions, ordered Telenav to disclose such information.

"Plaintiffs that allege use of an ATDS under the TCPA generally must rely on indirect allegations, such as the "content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more." *Mata v. Veros Credit, LLC*, No. SACV1698DOCJCGX, 2017 WL 2644633, at *3 (C.D. Cal. Jan. 20, 2017) (*quoting Gragg v. Orange Cab Co. Inc.*, No. C12–0576RSL, 2013 WL 195466, at *2 n.3 (W.D. Wash. Jan. 17, 2013). "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the messages were sent using an ATDS." *Id.*

Critical to this case is that the violations here involve text messages sent through an electronic system—not traditional phone calls that just as plausibly may or may not have been made with automatic equipment vs. being manually dialed. As the court in *Flores v. Access Ins. Co.* explained:

> Moreover, plaintiff also alleges that defendant used the short message service ("SMS") code "877–67" to send its text messages. Compl. ¶ 10. ***Courts have concluded that TCPA allegations based on defendants' use of an SMS short code suffices to meet the pleading standard.*** *See e.g., Soular v. Northern Tier Energy LP*, No. 15–cv–556–SRN–LIB, 2015 WL 5024786 at *3 (D. Minn. August 25, 2015) (concluding that plaintiff's allegation that messages were sent "en masse" from the same short code were sufficient to allege the use of ATDS); *Robbins v. Coca–Cola–Co.*, No. 13–cv–132–IEG–NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) ("First, Plaintiff's allegation that Defendants used an ATDS to send the text messages at issue is sufficient at this stage of the litigation, when no discovery has been completed.... Second, as Plaintiff points out, there are additional facts alleged in the Complaint which indicate the use of an ATDS***, such as the generic content of the message, the fact that the messages were sent en masse from Defendants' SMS short code, and the fact that the messages were promotional in nature***." (emphasis added)); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171–72 (N.D. Cal. 2010) (finding plaintiff's claim sufficiently plausible because plaintiff alleged that the defendant used an ATDS, which relied on an SMS code to send text messages).
>
> Accordingly, the Court concludes that plaintiff adequately pleads that defendant used an ATDS.

No. 215CV02883CASAGRX, 2017 WL 986516, at *9–10 (C.D. Cal. Mar. 13, 2017) (emphasis added).

Gergetz plainly alleges that Telenav used a short code to send the messages here:

> 11.   The Scout GPS app has the capacity to send transit time or estimated time of arrival updates via text message calls as well as their own promotional text

messages to users who have not downloaded the app. Such text message calls can be sent to any cell phone number, regardless of whether the recipient is a user of the Scout GPS app.

12.  Defendant Telenav sends text messages from "short code" 72711.

(Complaint, Dkt. 1.)

Furthermore, Gergetz alleges: (1) the generic content of the messages—he included screen shots in the Complaint showing that the "download the app" messages are all identical (Compl. ¶¶ 26-33), (2) that the Defendant made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States (Compl ¶ 14), and (3) that the messages were promotional in nature—repeatedly telling recipients to download the ScoutApp.

Indeed, it is precisely because Gergetz has so soundly pleaded that an ATDS was used that Telenav asks the Court to stay this case so that the D.C. Circuit can issue its long-awaited ruling. Telenav has already benefitted from what amounts to a stay of over a year—this case was filed in July 2016 and no discovery has been allowed. This is despite the fact that discovery will necessarily be required to determine whether under any ruling from the D.C. Circuit (which will certainly be appealed)[2] Telenav's programming of its ScoutApp meets the D.C. Circuit's formulation of what it means to use an ATDS. It is apparent that Plaintiff will need third party discovery and it is unlikely that such third parties are under litigation holds as a result of this litigation. See *Montegna*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct.

---

[2] As Judge Bataglia recently explained:

> [C]ourts in the Ninth Circuit have recently rejected Defendant's argument on the basis that whatever the outcome, appeal is likely and will further delay proceedings until a final determination is made by the United States Supreme Court. *See id.*; *Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-CV-1109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan 17, 2017); *Lathrop*, 2016 WL 97511, at *4 ("[T]he D.C. Circuit is unlikely to be the final step in the litigation ... Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision from the D.C. Circuit significantly understates both the delay a stay might engender and the concomitant prejudice to Plaintiff.").

*Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *5 (S.D. Cal. Oct. 18, 2017) (refusing to grant stay two months ago based on nearly identical arguments).

1  18, 2017) ("[A] stay would result in the potential of prejudice to Plaintiff in delaying discovery.
2  As stated above, while oral arguments in the D.C. Circuit have been completed, and the parties
3  postulate a ruling is forthcoming, a stay may result in uncertainty for an indefinite period if the
4  matter is appealed to the Supreme Court of the United States. Thus, to require Plaintiff to remain
5  in this indeterminate state of limbo is especially inequitable given that much of the relevant
6  evidence Plaintiff will be interested in, such as call logs and dialer information, will be in the
7  hands of third-parties and subject to unknown data retention policies." As such, Gergetz
8  continues to face prejudice as Telenav sits on a case that has now been pending for 1.5 years.

9  Accordingly, the Court should deny Telenav's Motion to Dismiss and Motion to Stay and
10  allow this case to proceed with discovery.

11  WHEREFORE, As such, the Court should deny Telenav's Motion to Dismiss and Motion
12  to Stay and allow this case to proceed with discovery.

Dated: December 20, 2017                    Respectfully submitted,

                                            WOODROW & PELUSO, LLC


                                            By:  */s/ Steven L. Woodrow*
                                                 STEVEN L. WOODROW

                                            Attorneys for Plaintiff
                                            NATHAN GERGETZ

                                            STEVEN L. WOODROW,
                                            *admitted pro hac vice*
                                            (swoodrow@woodrowpeluso.com)
                                            PATRICK H. PELUSO, *admitted pro hac vice*
                                            (ppeluso@woodrowpeluso.com)
                                            WOODROW & PELUSO, LLC
                                            3900 East Mexico Ave., Suite 300
                                            Denver, Colorado 80210
                                            Telephone: (720) 213-0675
                                            Facsimile: (303) 927-0809

                                            STEFAN COLEMAN, *admitted pro hac vice*
                                            (Law@stefancoleman.com)
                                            Law Offices of Stefan Coleman, P.A.
                                            201 S Biscayne Blvd., 28th Floor
                                            Miami, FL 33131
                                            Tel: (877) 333-9427
                                            Fax: (888) 498-8946

                                            RICHARD T. DRURY (SBN 163559)

richard@lozeaudrury.com
REBECCA DAVIS (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on December 20, 2017.

/s/ Steven L. Woodrow