# EXHIBIT B

1   RICHARD T. DRURY (SBN 163559)          TONIA OUELLETTE KLAUSNER,
     richard@lozeaudrury.com                 *admitted pro hac vice*
2   REBECCA DAVIS (SBN 271662)          WILSON SONSINI GOODRICH & ROSATI
     rebecca@lozeaudrury.com                Professional Corporation
3   LOZEAU DRURY LLP                   1301 Avenue of the Americas, 40th Floor
     410 12th Street, Suite 250            New York, New York 10019
4   Oakland, CA 94607                  Telephone:   (212) 497-7706
     Telephone: (510) 836-4200            Facsimile:   (212) 999-5899
5   Facsimile: (510) 836-4205            tklausner@wsgr.com

6   STEVEN L. WOODROW,               PETER C. HOLM, State Bar No. 299233
     *admitted pro hac vice*               WILSON SONSINI GOODRICH & ROSATI
7   swoodrow@woodrowpeluso.com       Professional Corporation
     PATRICK H. PELUSO,                1 Market Street
8   *admitted pro hac vice*               Spear Tower, Suite 3300
     ppeluso@woodrowpeluso.com        San Francisco, California 94105
9   WOODROW & PELUSO, LLC         Telephone:   (415) 947-2000
     3900 East Mexico Ave., Suite 300      Facsimile:   (415) 947-2099
10  Denver, Colorado 80210            pholm@wsgr.com
     Telephone: (720) 213-0675
11  Facsimile: (303) 927-0809           Attorneys for Defendant
                                    TELENAV, INC.
12  STEFAN COLEMAN,
     *admitted pro hac vice*
13  law@stefancoleman.com
     Law Offices of Stefan Coleman, P.A.
14  201 S Biscayne Blvd., 28th Floor
     Miami, FL 33131
15  Tel: (877) 333-9427
     Fax: (888) 498-8946
16

17  Attorneys for Plaintiff and the Alleged Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN GERGETZ, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br>      v.<br><br>TELENAV, INC., a Delaware corporation<br><br>          Defendant. | CASE NO.:  5:16-cv-4261-BLF<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

     This Settlement Agreement and Release ("Settlement Agreement") is entered into by

Plaintiff Nathan Gergetz ("Plaintiff" or "Gergetz"), individually and on behalf of the Settlement

1    Class, and by Defendant Telenav, Inc. ("Defendant" or "Telenav"). Plaintiff and Defendant are

2    referred to collectively in this Settlement Agreement as the "Parties."

3                                          **I. <u>RECITALS</u>**

4         **A.     WHEREAS**, on or about July 28, 2016, Plaintiff filed an alleged class action

5    Complaint entitled *Nathan Gergetz v. Telenav, Inc.*, Case No. 5:16-CV-4261-BLF in the United

6    States District Court for the Northern District of California (San Jose), which was ultimately

7    assigned to the Honorable Beth Labson Freeman (the "Action") (Dkt. 1);

8         **B.     WHEREAS**, the Complaint in the Action alleges that Defendant violated the

9    federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA") by sending

10   text messages using an automatic telephone dialing system ("ATDS") to cellular telephones

11   without first obtaining the prior express consent of the called party and/or after the text recipient

12   had revoked any consent for text messages from Telenav by replying with a "STOP" or similar

13   opt-out command;

14        **C.     WHEREAS**, Telenav was served, appeared in the matter, and, on November 21,

15   2016, filed a Motion to Dismiss the Action for failure to state a claim, or in the Alternative to Stay

16   the case pending resolution of an appeal pending before the D.C. Circuit Court of Appeals (Dkt.

17   24);

18        **D.     WHEREAS,** on January 13, 2017 Plaintiff filed his opposition to Telenav's

19   Motion to Dismiss or in the Alternative to Stay (Dkt. 27);

20        **E.     WHEREAS**, Defendant vigorously denies all claims asserted against it in the

21   Action, denies all allegations of wrongdoing and liability, denies that it was the "maker" of the

22   calls or sender of the text messages at issue, denies that its system qualifies as an ATDS, denies

23   all material allegations of the Complaint, and denies that Plaintiff and the putative class members

24   are entitled to any relief from Defendant;

25        **F.     WHEREAS**, counsel for the Parties have investigated the facts relating to the

26   claims and defenses alleged and the underlying events in the Action, have made a thorough study

27   of the legal principles applicable to the claims and defenses asserted in the Action, and have

28   conducted a thorough assessment of the strengths and weaknesses of their respective claims and

1  defenses;

2      **G.**    **WHEREAS**, counsel for the Parties have engaged in extensive arm's-length

3  negotiations concerning the settlement of the claims asserted in the Action, including a full-day

4  mediation session overseen by nationally-recognized mediator John Bates of JAMS San

5  Francisco, followed by numerous telephone conversations with the mediator's continued

6  oversight;

7      **H.**    **WHEREAS**, Telenav, without admitting any liability, fault or wrongdoing, and

8  taking into account the uncertainty and risks inherent in any litigation, has concluded that further

9  defense of the Action would be protracted, burdensome and expensive, and that it is desirable and

10  beneficial to fully and finally settle and terminate the Action in the manner and upon the terms

11  and conditions set forth in this Settlement Agreement, subject to Court approval. This Settlement

12  Agreement is inadmissible as evidence against either of the Parties except to enforce the terms of

13  the Settlement Agreement;

14      **I.**    **WHEREAS**, Gergetz, and his counsel, on behalf of the Settlement Class (as

15  defined below), after receiving information from Telenav regarding his claims, including data

16  concerning the number of text messages sent to Plaintiff and persons similarly situated via

17  Telenav's Scout App and the number of recipients of text messages from a Telenav short or long

18  code who were unsuccessful in their attempt to opt-out of future messages, have concluded based

19  upon their investigation, and taking into account the contested issues involved, the legal principles

20  at issue, the expense and time necessary to prosecute the Action through trial, the risks and costs

21  associated with further prosecution of the Action, the uncertainties of complex litigation, and the

22  substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with

23  Telenav on the terms set forth herein is fair, reasonable, and adequate, and in the best interest of

24  the Named Plaintiff and the Settlement Class;

25      **J.**    **WHEREAS**, Gergetz and his counsel, on behalf of the Settlement Class, has

26  agreed to settle the Action with Telenav on the terms set forth herein and to have judgment

27  entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or

28  law and without this Settlement Agreement, including any exhibits thereto, constituting any

evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class or any other issue raised in the Action;

**K.    WHEREAS**, Plaintiff's Motion for Preliminary Approval will include a request for leave from the Court to certify the Settlement Class, comporting with the definition agreed-upon by the Parties and mirroring the definition set forth in Section II.35 below.

**L.    WHEREAS,** the Settlement contemplated by this Settlement Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this Agreement and underlying settlement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante* as set forth at Article IV, section 9. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof; and

**M.    WHEREAS**, Telenav and counsel for Telenav have agreed to settle the Action with Plaintiff on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class, or any other issue raised in the Action.

**NOW, THEREFORE**, it is hereby agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the terms and conditions set forth herein and the approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice.

## II. <u>DEFINITIONS</u>

Unless defined elsewhere in this Settlement Agreement, as used herein and in the documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice versa.

1.    "Action" means the lawsuit captioned *Nathan Gergetz v. Telenav Inc.*, 5:16-cv-4261-BLF (N.D. CA.), including any and all appeals.

2.     "Award Unit" means a share of the Settlement Fund.

3.     "Claim Form" means the document substantially in the form attached hereto as Exhibit 1, as approved by the Court. The Claim Form shall be available on the Settlement Website where it can be submitted electronically and/or downloaded by a Class Member and submitted by mail.

4.     "Claimant Payment" means the distribution as described in Section III.1, to be paid from the Settlement Fund to each Settlement Class Member who submits a Valid Claim Form.

5.     "Claims Deadline" means one hundred twenty (120) days following the Court's grant of Preliminary Approval to this Settlement Agreement or such other date as set by the Court.

6.     "Class Counsel" or "Settlement Class Counsel" means Steven L. Woodrow and Patrick H. Peluso of Woodrow & Peluso, LLC and Stefan Coleman of the Law Offices of Stefan Coleman P.A.

7.     "Class Period" means the period from July 28, 2012 to the present.

8.     "Counsel for the Defendant" or "Defendant's Counsel" means Tonia Klausner and Peter Holm of the law firm of Wilson Sonsini Goodrich & Rosati PC.

9.     "Court" means the United States District Court for the Northern District of California (San Jose), and United States District Judge Beth Labson Freeman to which the Action is assigned, or any judge who may succeed her as Judge in the Action.

10.    "*Cy Pres* Recipient" means the Privacy Rights Clearinghouse. Should the Court not approve the Privacy Rights Clearinghouse as a *cy pres* recipient, the *Cy Pres* Recipient shall mean any other such organization that the Court deems appropriate.

11.    "Download the Scout App Text Messages" means and refers to text messages received by Settlement Class Members including a hyperlink to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups."

12.     "Effective Date" means one (1) business day after the Court has entered a Final Approval Order and Judgment and that Final Approval Order and Judgment has become Final.

13.     "Fee Award" means any award of reasonable attorney's fees and for reimbursement of costs to be awarded by the Court to Settlement Class Counsel as set forth in Section VI.

14.     "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and that the following has occurred: (a) the time to appeal from such order and judgment has expired and no appeal has been timely filed, or (b) if an appeal from such order and judgment has been filed, it has resulted in an affirmance of the Final Approval Order and Judgment without any material change, no other appeal or petition for rehearing or review is pending, the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired, relief from a failure to file same is not available, and the mandate is filed with the Court, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

15.     "Final Approval Hearing" means the hearing at which the Court will be asked to grant final approval to this Settlement Agreement in all material respects as fair, reasonable and adequate, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and determine the amounts of the Fee Award and Incentive Award.

16.     "Final Approval Order and Judgment" means the order in which the Court certifies the Settlement Class, grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

17.     "Funding Date" means the date, which shall be no later than ten (10) business days after the Effective Date, on which Telenav shall deposit the balance of the Settlement Fund.

18.     "Incentive Award" means the payment to be made to the Named Plaintiff as set forth in Section VI.2 of this Settlement Agreement, subject to the approval of the Court in recognition for the Named Plaintiff's time and effort in prosecuting the case.

1    19.    "Internet Notice" means the notice of settlement substantially in the form of

2    Exhibit 2 hereto as detailed in Section IV.3.f.

3    20.    "Long Form Notice" means traditional "long form" notice to be made available on

4    the Settlement Website, describing the terms of this Settlement Agreement and containing

5    information on how to file a claim, opt-out of the Settlement Class, or object, and which will be

6    made available in accordance with Section IV.3.g of this Settlement Agreement, substantially in

7    the form of Exhibit 3 hereto.

8    21.    "Named Plaintiff" means Nathan Gergetz.

9    22.    "Notice Plan" means and refers to the plan to disseminate notice of the Settlement

10   Agreement to the Settlement Class which comports with due process and which includes direct

11   mail notice, internet publication notice, and a Settlement Website, as set forth in Section IV.3.

12   23.    "Objection Deadline" means and refers to the date set by the Court for Settlement

13   Class Members to submit any objections to the Settlement Agreement, which shall be at least 14

14   (fourteen) days after the filing of Class Counsel's Motion for any Fee Award.

15   24.    "Opt-Out Deadline" means and refers to the date set by the Court for Persons who

16   fall within the definition of the Settlement Class to submit any requests to exclude themselves

17   from or opt-out of the Settlement, which shall be at least 14 (fourteen) days after the filing of

18   Class Counsel's Motion for any Fee Award.

19   25.    "Parties" means the Named Plaintiff and Telenav.

20   26.    "Person" means, without limitation, any individual, and any entity including,

21   without limitation, a corporation, partnership, limited partnership, limited liability partnership,

22   limited liability company, association, joint stock company, estate, legal representative, trust,

23   unincorporated association, and any other business or legal entity and their respective

24   predecessors, successors, representatives, and assigns.

25   27.    "Preliminary Approval Order" means the Court's Order described in Section IV.2

26   below and entered in connection with the hearing (the "Preliminary Approval Hearing") at which

27   the Court, *inter alia*, preliminarily certifies the Settlement Class, grants its preliminary approval

28   to this Settlement Agreement, authorizes dissemination of notice to the Settlement Class, and

1  schedules the Final Approval Hearing.

2          28.     "Release" means the releases set forth in Section V of this Settlement Agreement.

3          29.     "Released Parties" mean Telenav and its predecessors, successors, and its past,

4  present, and future parents, subsidiaries, affiliated companies and corporations, and each of their

5  respective past, present, and future, directors, officers, managers, employees, general partners,

6  limited partners, members, principals, agents, insurers, reinsurers, shareholders, attorneys,

7  advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, vendors,

8  independent contractors, or any other representatives, and each of their respective executors,

9  administrators, successors, assigns, and legal representatives.

10         30.     "Releasing Parties" means the Named Plaintiff, each and every Settlement Class

11 Member, and their respective present or past estates, heirs, assigns, successors, agents, attorneys,

12 executors, and any other representatives of any of these persons and entities.

13         31.     "Settlement Administration Costs" means any and all costs incurred in

14 administering the Settlement, to be paid exclusively from the Settlement Fund, including but not

15 limited to all costs associated with identification of Persons who fall within the definition of the

16 Settlement Class by the Settlement Administrator using the Telenav Lists, costs of executing the

17 Notice Plan and disseminating all notices and Claim Forms, costs of administering and

18 maintaining the Settlement Website, processing Claim Forms, and sending Settlement Checks to

19 Settlement Class Members who submit Valid Claim Forms, but specifically excluding all class

20 benefit payments, payment of any Incentive Award, and any award by the Court of Attorney's

21 Fees and Costs.

22         32.     "Settlement Administrator" means Epiq Systems, an experienced third-party entity

23 in the business of class action settlement claims administration, or such other third party

24 settlement administrator approved by the Court.

25         33.     "Settlement Agreement" or "Settlement" or "Settlement Agreement and Release"

26 or "Agreement" means this settlement agreement and release, including the attached exhibits.

27         34.     "Settlement Check" means the negotiable checks to be sent to those Settlement

28 Class Members who submit approved Valid Claims pursuant to Section III below.

35.     "Settlement Class" means all Persons who fall within one of Subclasses defined below. For purposes of this definition, multiple owners or users of a single cellular telephone are deemed to be a single member of the Settlement Class. The Settlement Class is compromised of all Persons in the No Consent Subclass and the Stop Subclass defined as:

> The "No Consent Subclass": All persons in the United States who during the Class Period received at least one Download the Scout App Text Message.
>
> The "Stop Subclass": All persons in the United States who during the Class Period received at least one additional message other than a message confirming an opt out request, after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number.

36.     "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and who has not submitted a valid request to be excluded/opt out of the Settlement.

37.     "Settlement Class Representative" means Plaintiff Nathan Gergetz.

38.     "Settlement Fund" means the total aggregate common fund that Telenav will be obligated to pay by operation of this Settlement Agreement if it receives final approval from the Court and the Judgment becomes Final. The Settlement Fund equals three million five-hundred thousand dollars ($3,500,000.00 USD) and constitutes Telenav's exclusive and total payment obligation under this Settlement Agreement to settle the Action in full. The Settlement Fund will be used to pay: (a) the Settlement Checks to Settlement Class Members who submit Valid Claim Forms; (b) any Fee Award; (c) any Incentive Award approved by the Court; and (d) all Settlement Administration Costs. The Settlement Fund amount of three million five-hundred thousand dollars ($3,500,000.00 USD) represents the total extent of Telenav's monetary obligations under this Agreement. The Settlement Fund shall be maintained in an interest bearing account if possible at a bank chosen by the Settlement Administrator ("the Settlement Bank Account"). The Settlement Administrator shall establish the Settlement Bank Account at a bank that is insured by the Federal Deposit Insurance Corporation and that has total assets of at least five-hundred million dollars ($500,000,000 USD) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). Any costs associated with opening and/or maintaining the bank account to hold the Settlement Fund shall be deducted from the Settlement Fund. The Settlement Administrator shall

be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. Telenav shall deposit $125,000.00 of the Settlement Fund to cover initial expense of the Settlement Administrator within ten (10) business days of Preliminary Approval, and shall deposit the balance of the Settlement Fund on the Funding Date.

39.     "Settlement Website" means the Internet website to be established, administered and maintained by the Settlement Administrator as set forth in Section IV.3.g of this Settlement Agreement.

40.     "Short Form Notice" means written notice of settlement in the form attached hereto as Exhibit 4, to be sent in accordance with Section IV.3 of this Settlement Agreement, in a postcard format and, where email addresses are attainable, via email, no later than thirty (30) days after preliminary approval is granted, summarizing the terms of the settlement and advising Persons who fall within the definition of the Settlement Class of their options in submitting a claim, excluding themselves, and objecting to the settlement.

41.     "Successful Opt-Out" means a Person who, pursuant to Section IV.4 of this Settlement and Fed. R. Civ. P. 23, exercises the right to be excluded from the Settlement by the Opt-Out Deadline, but shall not include (a) any Person whose communication is not treated as a request for exclusion, and (b) Persons whose requests for exclusion are not valid or are otherwise void pursuant to Section IV.4.

42.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* together with its implementing Regulations, 47 C.F.R. § 64.1200, *et seq.*

43.     "Telenav" or "Defendant" means defendant Telenav, Inc.

44.     "Telenav Lists" means two lists to be provided by Telenav from its records reflecting (i) the U.S. cellular phone numbers that during the Class Period received at least one text message including a link to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups"; and (ii) the U.S. cellular phone numbers that during the Class

1  Period received at least one additional message other than a message confirming an opt out

2  request, after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message

3  received from any Telenav Number. To receive a Settlement Check, a claimant's cellular

4  telephone number must be on at least one of the Telenav Lists.

5  45.   "Telenav Number" means the following long and short codes used by Telenav

6  during the Class Period: 72711, 6503535354, 4083260909, 4086281466, 8014471740,

7  4083260964, 4083891019, 4083891173, 4082146704, 4083728950, 4083891081, 4082170339,

8  4082605166, 8014471447, 4082605082, 4084795509, 4084795512, 7205072688, 5172688155,

9  4243486284, 5172688785, 9792726889, 4086281090, 5172688529, 5172688473, 5172688212,

10  5172688220, 4086281591, 5108086289, 9495372688, 5614086284, 7862882682, 5172688596,

11  8628814294, 5172688830, 4086281619, 7194198628, 9792726881, 5172688702, 2018972688,

12  5172688222, 5172688602, 8643726888, 4243486282, 8327862844, 4086281626, 5172688827,

13  9792726887, 4243486289, 4086281609, 8175672688, 4086281079, 5172688152, 5172688831,

14  9792726885, 5172688603, 2018172688, 4086281615, 9093286285, 5172688576, 6143672688,

15  8628814129, 9792726884, 6467986288, 9792726882, 4086281469, 6506678628, 4136486286,

16  5172688026, 9792726883, 5039286281, 4243486283, 4086281777, 9792726888, 9792726880,

17  5172688796, 8176972688, 4084795554, 4084795518, 4084792930, 4084795524, 4084795552,

18  4084795531, 4084795521, 4082170170, 4084792931, 4084795502, 4084795523, 4084795550,

19  8282660066, 4084795522, 4084795529, 4084795527, 4084795534, 4084795519, 4084792935,

20  4084795526, 4084792934, 6502048134,  4086693631, 6693337361, 6503532889, 6693337460,

21  6503977110, 2246623018, 6505675793, 6503186344, 6698001276, 4432821010, 4085121115,

22  6693335868, 6503999737, 6509004743,  4084740384, 4084712757, 4084740437, 6503535880,

23  4084796187, 4084782420, 4084703794, 4084771550, 4084796046, 4084789302, 4084789117,

24  6674018988, 4087097688, 8566660818, 4086062881, 4088192661, 6692383666, 4086889159,

25  6693335969, 4087676901, 6693335955.

26  46.   "Valid Claim Form" shall mean a Claim Form that:

27  a)   is filled out truthfully and completely by the Settlement Class Member or a

28  person authorized by law to act on behalf of the Settlement Class Member in accordance with the

1    directions and requirements for submitting a Claim Form in accordance with Section III of this

2    Settlement Agreement;

3                    b)      contains the address of the Settlement Class Member;

4                    c)      is executed and certified by the Settlement Class Member for whom the

5    Claim Form is being submitted (or by his, her or their legal representative), physically or

6    electronically, with the required affirmation;

7                    d)      is timely, as judged by the fact that it is postmarked (if mailed to the

8    Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the

9    Settlement Website) by the Opt-Out Deadline set by the Court; and

10                   e)      is not successfully challenged. A Claim Form shall be treated as

11   successfully challenged under the standards set forth in Section III.2 below.

12       47.    All references to days shall be interpreted to mean calendar days, unless otherwise

13   noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date

14   shall be extended to the next business day that is not a weekend or legal Court holiday.

15       48.    All references to "his," "her," and similar terms are intended to be gender-neutral,

16   and apply equally to Persons who are businesses, organizations, or other non-natural Persons.

17       49.    Other terms are defined in the text of this Settlement Agreement and shall have the

18   meaning given to those terms in the text. It shall be the intent of the Parties in connection with all

19   documents related to the Settlement that defined terms as used in other documents shall have the

20   meaning given to them in this Settlement Agreement, unless otherwise specified.

21                **III. SETTLEMENT CONSIDERATION AND CLAIMS PROCEDURE**

22       In consideration of a full, complete and final settlement of the Action, dismissal of the

23   Action with prejudice, and the releases set forth in Section V below, and subject to the Court's

24   preliminary and final approval, the Parties agree to the following relief:

25       **1.      Relief to Settlement Class Members**

26              a.      No later than the Funding Date, Telenav shall deposit into the Settlement

27   Bank Account three million five hundred thousand dollars ($3,500,000.00 USD) less an initial

28   deposit of $125,000.00 to cover initial expenses of the Settlement Administrator, which initial

1   deposit Telenav shall pay within ten (10) business days of the Order granting Preliminary

2   Approval. Telenav shall have no payment obligations under this Settlement other than the

3   Settlement Fund. In the event that this Settlement Agreement terminates or is not approved, any

4   advances paid to the Settlement Administrator by Telenav that have not been spent, and are not

5   required for amounts that are due and payable for reasonable and identified notice and

6   administration costs already incurred, shall, within ten (10) business days, be returned by the

7   Settlement Administrator to Telenav by payment to an account designated by Telenav.

8             b.      To facilitate the notice and claims administration process, Telenav and its

9   counsel will provide to the Settlement Administrator and to Class Counsel, in an electronically

10  searchable and readable format, the Telenav Lists. Any personal information relating to Persons

11  who fall within the definition of the Settlement Class provided to the Settlement Administrator or

12  Class Counsel pursuant to this Settlement Agreement shall be provided solely for the purpose of

13  providing notice to the Settlement Class and informing them about their rights further to this

14  Settlement, shall be kept in strict confidence and subject to the Stipulated Protective Order, shall

15  not be disclosed to any third party, and shall be used for no other purpose. Contact information

16  obtained by the Settlement Administrator during reverse look up and any updated contact

17  information received by the Settlement Administrator in the claims process or otherwise shall not

18  be provided to Telenav but shall be maintained solely by the Settlement Administrator. However,

19  such information may be provided to Class Counsel if necessary to facilitate communication

20  between the Settlement Class Member or other claimant about the filing of claims or other

21  information to assist the Settlement Class Member or claimant.

22             c.      Subject to the terms and conditions of this Agreement, Settlement Class

23  Members shall qualify for payment from the Settlement Fund if they submit a Valid Claim Form

24  before the Claims Deadline and the cellular phone number they submit on their Valid Claim Form

25  is on one or both of the Telenav Lists. Only one claim for each cellular phone number that

26  received an allegedly offending text message shall be permitted unless the Settlement

27  Administrator determines that multiple claimants were the subscriber or primary user of the same

28

cellular phone number during different time frames within the Class Period, in which case each such individual will be eligible to qualify for a Claimant Payment from the Settlement Fund.

       d.      Each Settlement Class Member who submits a Valid Claim Form, qualifies for payment by having a number on one or both of the Telenav Lists, and is otherwise approved pursuant to Section III.2 shall be eligible to receive one Claimant Payment determined by the following formula:

       i.      Each No Consent Subclass member who files a Valid Claim Form and qualifies for payment by having a number on the Telenav List shall receive one (1) Award Unit;

       ii.      Each Stop Subclass member who files a Valid Claim Form and qualifies for payment by having a number on the Telenav List shall receive five (5) Award Units;

       iii.      If a Stop Subclass member is a member of both the Stop Subclass and the No Consent Subclass, such person will receive six (6) Award Units;

       iv.      Each Award Unit will have an equal monetary value determined by dividing the Net Settlement Fund (defined and calculated as the total Settlement Fund ($3,500,000.00 USD) less the sum of all Settlement Administration Costs, any Fee Award, and any Incentive Award) by the total number of Award Units (calculated based upon the number of eligible claiming Class Members and their Subclass membership), up to a maximum amount of $1,500 per Award Unit.

       v.      Each Claimant Payment shall be calculated by multiplying the number of Award Units to which the Settlement Class Member is entitled by the monetary value of the Award Unit as calculated in subparagraph (c)(4) above.

       e.      Settlement Checks for the Claimant Payments shall be valid for ninety (90) days after issuance. Any funds associated with Settlement Checks not cashed by Settlement Class Members within that time will remain in the Settlement Fund unless such Settlement Check is returned as undeliverable to the Settlement Administrator within the 90-day period after issuance ("Returned Settlement Checks"). With respect to Returned Settlement Checks, the Settlement

1  Administrator will make one (1) attempt at re-mailing to the address on file or to any updated
2  address determined by using the national change of address registry.

3        f.    Any amounts remaining after payment of all Claimant Payments,
4  Administration Costs, Fee Award and Incentive Award will be paid to the *Cy Pres* Recipient
5  approved by the Court.

6        g.    Notwithstanding any judgment, principle, or statute, there shall be no
7  interest accrued, owing, or paid by Telenav on the Claimant Payments, or on the Settlement Fund,
8  or on any other benefit available (or potentially available) under this Agreement.

9      **2.    Approved and Disputed Claims**

10        a.    Each Settlement Class Member who does not exclude himself or herself
11  from the Settlement Class and who makes a timely claim shall have his or her claim reviewed by
12  the Settlement Administrator. The Settlement Administrator shall review the claims, reject any
13  claim where there is evidence of fraud, and advise the Parties, at a minimum, on a bi-weekly basis
14  of the claims that are approved and denied. Class Counsel and Defendant's Counsel shall be
15  entitled to contest the approval or denial of any claims ("Disputed Claims"), first through
16  conferring with the other Party and the Settlement Administrator, and if they are unable to resolve
17  such issues, they may seek assistance of the Court to resolve the issues at the earliest possible date,
18  and to attempt to have a resolution before any fairness hearing. However, if those issues are
19  unresolved at the time of the fairness hearing, that will not prevent the Final Approval Hearing
20  from going forward, with the issues to be resolved at a later date but within forty-five (45) days of
21  the entry of any order regarding the Final Approval Hearing, including any order for final approval
22  of the settlement. The Settlement Administrator shall be responsible for administering the
23  Settlement and for receiving and keeping safe and secure all Claim Forms. The Settlement
24  Administrator shall examine each Claim Form and determine if the Claim Form constitutes a
25  Valid Claim Form eligible to receive the Claimant Payment described above.

26        b.    The Settlement Administrator shall identify any persons who submit Claim
27  Forms that are incomplete and advise those persons in writing of the deficiencies in their Claim
28  Forms providing them with thirty (30) days in which to cure any such deficiencies. In the event a

person fails to cure the identified deficiencies within the 30-day period, the Settlement Administrator shall provide his or her contact information and the deficient Claim Form to Class Counsel and Defendant's Counsel. Class Counsel may call and follow up with the person. The period to cure will be closed thirty (30) days after Class Counsel receives a complete listing of any deficient Claim Forms.

        **3.**        **Payment of Claims Administration Costs**

            a.      All Settlement Administration Costs, including the Settlement Administrator's fees and expenses, shall be taken directly from the Settlement Fund. If this Settlement Agreement is terminated or fails to become effective, Telenav shall be responsible for payment to the Settlement Administrator of any claims administration costs and fees necessarily incurred by the Settlement Administrator prior to being notified that administration services are no longer required.

        **4.**        **Payment of Benefits**

            a.      Subject to the terms and conditions of this Settlement Agreement, after the Funding Date, the Settlement Administrator shall make the following disbursements from the Settlement Fund in this order:

                i.      Pay all taxes and tax-related expenses, if any, or, at the Settlement Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses;

                ii.      Pay to the Settlement Class Representative any Incentive Award ordered by the Court;

                iii.      Pay to Class Counsel any Fee Award ordered by the Court;

                iv.      Pay all unreimbursed costs of claims administration;

                v.      Mail or otherwise provide a Settlement Check in the amount of the Claimant Payment to each Settlement Class Member who has returned or submitted a Valid Claim Form and qualifies for payment by having a number on the Telenav List, and who has not opted out of the Settlement or had their claim rejected;

vi.     Upon the earlier of (1) the cashing of the last Settlement Check (including any Settlement Check that is resent in accordance with Section III.1.e), or (2) the passage of 195 days since the mailing of the last Settlement Check, the Settlement Administrator shall pay any amounts remaining in the Settlement Fund to the *Cy Pres* Recipient.

b.     The Settlement Checks shall be paid solely from the Settlement Fund and shall be mailed to the address provided by the Settlement Class Member on his or her Valid Claim Form.

c.     All Settlement Checks issued under this section shall be void if not negotiated within ninety (90) days of their date of issue and shall contain a disclosure to that effect. Settlement Checks issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued unless agreed upon by the Parties.

d.     The Settlement Administrator's and the Parties' respective obligations with respect to the distribution of Settlement Checks, the Settlement Administration Costs, any Fee Award, any Incentive Awards, and the amount of unclaimed and uncashed Settlement Checks, if any, shall be performed reasonably and in good faith. So long as such obligations are performed in good faith, the Parties and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release and any judgment shall be effective, once this Agreement becomes Final.

## IV.  **SETTLEMENT PROCEDURES**

1.     **Settlement Class Certification**

a.     For purposes of this Settlement Agreement and the proceedings and certification contemplated herein, the Named Plaintiff, through his attorneys, will request: (i) that the Court appoint the Named Plaintiff Nathan Gergetz as the Settlement Class Representative for the Settlement Class and (ii) that the Court appoint Gergetz's counsel from the law firm of Woodrow & Peluso, LLC, Steven Woodrow and Patrick Peluso, and Stefan Coleman from the Law Offices of Stefan Coleman, P.A., as Settlement Class Counsel. Telenav agrees not to oppose any motion of Woodrow & Peluso, LLC or the Law Offices of Stefan Coleman, P.A. to be

1  appointed as Class Counsel for the Settlement Class or to have Named Plaintiff appointed as

2  Settlement Class Representative, in both cases for settlement purposes only.

3        b.      Defendant does not object to the certification of the Settlement Class strictly

4  and solely for settlement purposes only. Certification of the Settlement Class will be effective only

5  with respect to the Settlement of this Action and is without prejudice to the rights of Telenav to

6  oppose class certification and/or to contest issues of liability in this Action should this Settlement

7  Agreement be terminated or the Effective Date not occur for any reason. This Settlement

8  Agreement shall be inadmissible in any other action against Telenav, and shall not be construed as

9  an admission by Defendant as to any matter. In the event that this Agreement is terminated

10 pursuant to its terms or the Effective Date does not occur for any reason, then certification of the

11 Settlement Class, which is strictly and solely for settlement purposes only, will be vacated and of

12 no further force or effect, and the Action will proceed as it existed before execution of this

13 Settlement Agreement.

14       **2.      <u>Preliminary Approval</u>**

15       a.      As soon as practical after the execution of this Settlement Agreement,

16 Plaintiff shall move the Court for an Order granting Preliminary Approval to the Settlement

17 Agreement. Telenav's failure to oppose the Plaintiff's request for entry of a Preliminary Approval

18 Order shall not constitute an admission by Defendant as to any matter.

19       b.      Such Preliminary Approval Order shall, *inter alia*:

20             i.      preliminarily approve the Settlement as fair, reasonable, and

21 adequate;

22             ii.      provisionally approve the Settlement Class for settlement purposes

23 only;

24             iii.      approve the form and contents of the proposed Claim Form, Internet

25 Notice, Long Form Notice, and Short Form Notice (post card and email versions) in forms

26 substantially similar to those attached hereto as Exhibits 1, 2, 3, and 4, respectively, and authorize

27 their dissemination to the Settlement Class;

28

iv.    find that the Notice Program set forth herein constitutes the best notice practicable under the circumstances and satisfies Due Process and Rule 23 of the Federal Rules of Civil Procedure;

v.    approve the requirement that Settlement Class Members submit a Valid Claim Form and have a telephone number on at least one of the Telenav Lists to obtain a Settlement Check;

vi.    set deadlines consistent with this Agreement for notifying the Settlement Class in accordance with the Notice Plan, the Claims Deadline, the Opt-Out Deadline, the Objection Deadline, and the filing of papers in connection with the Final Approval Hearing;

vii.    conditionally designate Named Plaintiff as the representative of the Settlement Class and Settlement Class Counsel as counsel for the Settlement Class;

viii.    approve the Settlement Administrator; and

ix.    set a date for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice.

**3.    Notice Plan and Claim Form**

a.    The Parties agree to provide the best notice that is practicable under the circumstances, including individual notice to Persons in the Settlement Class who may be identified through reasonable efforts. The Parties further agree that the notice penetration must meet any minimum notice requirements as required by law and in an amount sufficient to support any declaration to the Court by the Settlement Administrator stating a sufficient notice penetration has been achieved.

b.    Telenav shall, within fourteen (14) days of entry of the Preliminary Approval Order, provide the Settlement Administrator and Class Counsel with the Telenav Lists. The Settlement Administrator shall use the Telenav Lists to take all steps reasonably necessary, including reverse phone look-ups of the phone numbers on the Telenav Lists using one or more vendors, to identify the owner of the cellular numbers in the Lists at the relevant time together with such Persons' last known mailing address and email address, where available. After identifying mailing addresses through this process, the Settlement Administrator shall, by using

the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updated mailing addresses, if available.

c.      Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice to each Class Member via first class mail for those Class Members for whom a mailing address has been obtained. Wherever an email address has been located, the Settlement Administrator will also email the Short Form Notice to the email address. Neither the Parties nor the Settlement Class Administrator shall have any obligation to mail or email the Short Form Notice to any Settlement Class Member for whom no mailing address or email address could be located following the process set forth in III.3.b above. If and to the extent deemed necessary by the Settlement Administrator, the last known address of Persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Settlement Administrator may conduct a reasonable search to locate an updated address for any Person in the Settlement Class whose Short Form Notice is returned as undeliverable; (b) the Settlement Administrator shall update addresses based on any forwarding information received from the United States Post Office; and (c) the Settlement Administrator shall update addresses based on information it receives and through any requests received from Persons in the Settlement Class.

d.      If any Short Form Notice sent under this Section is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Short Form Notice once to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Otherwise, the Settlement Administrator shall attempt to send notice via email. Other than as set forth in this paragraph, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail the Short Form Notice.

e.      The Settlement Administrator shall have discretion to format the Short Form Notice and Claim Form in a reasonable manner to minimize mailing or administrative costs. Before the Short Form Notices are mailed, Class Counsel and Counsel for Defendant shall first be provided with a proof copy of any and all notices (including what the items will look like in their

1  final form), and shall have the right to inspect the same for compliance with the Settlement

2  Agreement and with any orders by the Court.

3        f.     The Settlement Administrator shall also create and implement a targeted

4  programmatic digital media campaign for publication Internet Notice, as needed to accomplish

5  sufficient reach to comport with due process. A proposed form of such Internet Notice is attached

6  hereto as Exhibit 2.

7        g.     No later than twenty-one (21) days following the entry of the Preliminary

8  Approval Order, the Settlement Administrator shall cause the Long Form Notice, a downloadable

9  Claim Form that may be printed and mailed to the Settlement Administrator, an electronic version

10  of the Claim Form that may be completed and submitted electronically, this Settlement Agreement

11  and Exhibits, the Complaint, the Preliminary Approval Order, and any other relevant settlement

12  documents to be made available on a dedicated Settlement Website, the website name/URL for

13  which is to be agreed upon by the Parties, to be administered by the Settlement Administrator.

14  When available, the Settlement Administrator shall make available on the Settlement Website

15  Class Counsel's application for a Fee Award and Incentive Award as well as the Final Approval

16  Order. Any other content proposed to be included or displayed on the Settlement Website shall be

17  approved in advance by Class Counsel and Defendant's Counsel. Such approvals shall not be

18  unreasonably withheld.

19        h.     Within thirty (30) days after entry of the Preliminary Approval Order, the

20  Settlement Administrator shall set up a toll-free telephone number that will provide automated

21  information about the settlement, the Settlement Class Members' rights, important deadlines, and

22  instructions as to how Settlement Class Members may request and obtain hard-copy settlement

23  documents. That telephone number shall be maintained until the Claims Deadline. After that time,

24  and through the date the Final Approval Order is entered, a recording will advise any caller to the

25  toll free telephone number that the Claims Deadline has passed and that details regarding the

26  settlement may be reviewed on the Settlement Website.

27        i.     Telenav shall be responsible for timely compliance with any notice required

28  by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Telenav shall provide proof of

1  such compliance by filing a confirmation declaration with the Court at least fourteen (14) days

2  prior to the Final Approval Hearing.

3          j.       Claim Forms shall be returned or submitted to the Settlement Administrator

4  via U.S. Mail or via submission through the Settlement Website, by the Claims Deadline or be

5  forever barred.

6

7      **4.      Right and Effect of Members of the Class to Opt-Out**

8          a.      Each Person who falls within the definition of the Settlement Class shall

9  have the right to opt-out and not participate in the Settlement Agreement as provided for in the

10 Preliminary Approval Order.

11         b.      The Short Form Notice, Long Form Notice, and Internet Notice shall

12 explain the right to request exclusion from the Settlement Class and not to be bound by this

13 Settlement Agreement, if, before the Opt-Out Deadline, the Person who falls within the definition

14 of the Settlement Class (a "requester") completes and mails a valid request for exclusion ("Opt-

15 Out") to the Settlement Administrator at the addresses set forth in the Notice. The Opt-Out must

16 be postmarked on or before the Opt-Out Deadline.

17         c.      For an Opt-Out request to be valid and treated as a Successful Opt-Out, it

18 must include: (a) the requester's full name, address, and name of the Action (*i.e. Gergertz v.*

19 *Telenav*) and telephone number; (b) the cellular telephone number at which the requester allegedly

20 received a text message that is the subject of this Settlement Agreement; (c) contain the

21 requester's personal and original signature, or the original signature of a person previously

22 authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on

23 behalf of the requester with respect to a claim or right such as those in the Action; and (d) state

24 unequivocally that the requester desires to be excluded from the Settlement Class, to be excluded

25 from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits

26 of the Settlement. The Settlement Administrator shall promptly inform Telenav and Class Counsel

27 of any Opt-Out requests it receives.

28

      d.      Persons who submit complete Opt-Outs that are postmarked before the Opt-Out Deadline shall receive no benefit or compensation under this Settlement Agreement, shall have no right to object to the proposed Settlement Agreement or participate at the Final Approval Hearing, and shall not be bound by any order or judgment entered in this Action.

      e.      A request to Opt-Out that does not comply with all of the foregoing, or that is not timely submitted or postmarked by the Opt-Out deadline, or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein if finally approved.

      f.      No Person shall purport to exercise any exclusion rights of any other Person, or purport: (a) to opt-out Persons who fall within the definition of the Settlement Class as a group, aggregate, or class involving more than one Person; or (b) to opt-out more than one Person who falls within the definition of the Settlement Class on a single paper, or as an agent or representative. Any such purported opt-outs shall be void, and any Person(s) who are the subject of such purported opt-outs shall be treated as a Settlement Class Members.

      g.      Before the Final Approval Hearing, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from or on behalf of a Person who falls within the definition of the Settlement Class is a request to opt-out. Telenav or Class Counsel may dispute an Opt-Out or purported Opt-Out, and if the Parties are unable to resolve such dispute, they shall present the issue to the Court for resolution.

    **5.**      **Inquiries from Settlement Class Members**

      a.      It shall be the responsibility of the Settlement Administrator to respond to all inquiries from or on behalf of potential Settlement Class Members with respect to this Settlement except to the extent that inquiries are directed to Class Counsel. Class Counsel and Counsel for Defendant must both approve any FAQs or other materials the Settlement Administrator may use to answer inquiries and shall confer and assist the Settlement Administrator as it requests.

**6.**     **Objections to the Settlement and Appearance at Final Approval Hearing**

a.     Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his or her own expense; provided however, that all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court and the Settlement Administrator and postmarked or delivered by no later than the Objection Deadline. Objections may be filed by counsel for a Settlement Class Member though any such counsel must file an appearance in the Action.

b.     Each objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member at which the Settlement Class Member claims text messages subject to the Settlement were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the objection, including citations to relevant authorizes; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

c.     All objections must be mailed or hand-delivered to the Court before the Objection Deadline. An objector is not required to attend the Final Approval Hearing. However, any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the his or her own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the underlying settlement. A Settlement Class Member or his or her attorney who wishes to speak at the Fairness Hearing must so state in his or her written objection or submit a separate notice of intention to appear to the Clerk of the Court no later than the Objection Deadline. Unless so permitted by the Federal Rules of Civil Procedure or the Local Rules of the presiding Court, no Settlement Class Member shall be permitted to raise

1  matters at the Final Approval Hearing that the Settlement Class Member could have raised in a
2  written objection but failed to do so.

3      d.      Any Settlement Class Member who fails to timely submit a written
4  objection with the Court shall not be permitted to object to this Settlement Agreement at the Final
5  Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or
6  other means, and shall be deemed to have waived his or her objections and be forever barred from
7  making any such objections in the Action or any other related action or proceeding.

8      **7.    <u>Final Approval Hearing</u>**

9      a.      The Parties will recommend that the Final Approval Hearing be scheduled
10 for a date no more than ninety (90) days after the last date required for the mailing of the Notice
11 and Claim Form. The Final Approval Hearing must be at least 100 days after Plaintiff moves for
12 the entry of a Preliminary Approval Order.

13     b.      Class Counsel shall file their petition for any Fee Award no later than thirty-
14 five (35) days prior to the Final Approval Hearing.

15     c.      No more than fourteen (14) days prior to the Final Approval hearing, the
16 Settlement Administrator shall file with the Court and serve on counsel for all Parties a declaration
17 stating that the Notice required by the Agreement has been completed in accordance with the
18 terms of the Preliminary Approval Order.

19     d.      No later than fourteen (14) days before the Final Approval Hearing, Telenav
20 shall file with the Court a certification that it complied with the CAFA notice requirements and
21 stating the date of such compliance.

22     e.      If the Settlement Agreement is preliminarily approved by the Court, and all
23 other conditions precedent to the Settlement have been satisfied, no later than fourteen (14)
24 calendar days prior to the Final Approval Hearing, then Plaintiff shall file a Motion for Final
25 Approval asking, *inter alia*, that the Court enter a Final Approval Order and Judgment, with
26 Plaintiff filing a memorandum of points and authorities in support of the motion. Either Party may
27 file a memorandum addressing any objection to the Settlement that has been submitted. Any
28 request by Telenav for entry of the Final Approval Order and Judgment, or failure to object to

1  Plaintiff's request for entry of the Final Approval Order and Judgment, shall not be an admission

2  or concession by Telenav as to any matter pertaining to Plaintiff's claims.

3          f.      At the Final Approval Hearing, the Court will consider and determine

4  whether the provisions of this Agreement should be finally approved as fair, reasonable, and

5  adequate, whether any objections to the Agreement should be overruled, whether the requested

6  Fee Award to Settlement Class Counsel and the requested Incentive Payment to the Class

7  Representative should be approved, and whether a judgment finally approving the Settlement

8  Agreement should be entered.

9          g.      This Settlement Agreement is subject to and conditioned upon the issuance

10  by the Court of a Final Approval Order that grants final approval of this Agreement and:

11            i.      finds that the notice provided satisfies the requirements of due

12  process and Fed. R. Civ. P. 23(e)(1);

13            ii.      finds that Settlement Class Members have been adequately

14  represented by the Class Representative and Class Counsel;

15            iii.      finds that the Settlement Agreement is fair, reasonable and adequate

16  to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement,

17  including the releases in Section V, and that this Settlement Agreement should be and is approved;

18            iv.      dismisses on the merits and with prejudice all claims of the

19  Settlement Class Members asserted against Telenav in the Action, without fees or costs to any

20  party except as provided in this Agreement;

21            v.      permanently enjoins each and every Settlement Class Member from

22  bringing, joining, prosecuting, or continuing to prosecute any Released Claims against Telenav or

23  the Released Parties; and

24            vi.      retains jurisdiction of all matters relating to the interpretation,

25  administration, implementation, effectuation and enforcement of this Settlement.

26       **8.**     **<u>Litigation Stay</u>**

27          a.      Except as necessary to secure approval of this Settlement Agreement or as

28  otherwise provided herein, the Parties shall take no further steps to prosecute the Action in this

1   Court or in any other court. In the event the Settlement Agreement is not approved or is terminated

2   according to its terms, the Parties may resume litigation no sooner than fourteen (14) days after

3   such event or as otherwise directed by the Court.

4       **9.**   **Conditions of Settlement; Effect of Disapproval, Cancellation, Termination or**

5              **Nullification of Settlement**

6       a.   The Effective Date of this Settlement Agreement shall not occur unless and

7   until each and every one of the following events occurs, and shall be the date upon which the last

8   (in time) of the following events occurs:

9              (i)   This Agreement has been signed by the Parties, Settlement Class

10  Counsel and Defendant's Counsel;

11             (ii)   The Court has entered an order granting Preliminary Approval of the

12  Settlement Agreement;

13             (iii)   The Court has entered an order finally approving the Settlement

14  Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in

15  the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment

16  substantially consistent with this Agreement; and

17             (iv)   The Final Judgment has become Final.

18      b.   If some or all of the conditions specified in Section 9(a) are not met, or in

19  the event that this Settlement Agreement is not approved by the Court, or the settlement set forth

20  in this Agreement is terminated or fails to become effective in accordance with its terms, then this

21  Settlement Agreement shall be cancelled and terminated subject to Section 9(c) below, unless

22  Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.

23  Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of

24  the Fee Award to Class Counsel set forth above or the Incentive Award to the Class

25  Representative, regardless of the amounts awarded, shall not prevent the Agreement from

26  becoming effective, nor shall it be grounds for termination of the Agreement.

27      c.   Plaintiff and Telenav shall each have the right to unilaterally terminate this

28  Settlement Agreement by providing written notice of his, her, their or its election to do so

("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

        i.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

        ii.     an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        iii.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a material way, unless such modification or amendment is accepted in writing by all Parties;

        iv.     the Effective Date does not occur; or

        v.     any other ground for termination provided for elsewhere in this Agreement occurs.

    d.    If, at the conclusion of the Opt-Out Deadline, more than five hundred (500) valid Opt-Outs have been received, Telenav shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement within ten (10) calendar days after the Opt-Out Deadline.

    e.    If either Plaintiff or Telenav terminates this Settlement Agreement as provided herein, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, any orders entered by the Court in connection with this Agreement shall be vacated, and this Settlement Agreement shall not be used for any purpose whatsoever against any of the Parties. However, any payments made to the Settlement Administrator for services rendered to the date of termination shall not be refunded to Telenav.

## V. RELEASE

**1.**     **Releases; Binding and Exclusive Nature of Settlement Agreement**

    a.    In connection with the Settlement, the Final Approval Order and Judgment shall provide that the Action is dismissed with prejudice as to the Named Plaintiff and all Settlement Class Members. As of the Effective Date, the Releasing Parties, and each of them, shall

be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims (as defined below). The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Persons who fall within the definition of the Settlement Class who timely opt-out of the Settlement in accordance with the terms of this Agreement. The release also does not preclude Settlement Class Members from addressing, dealing with, or otherwise complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement Agreement.

b.      "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that arise out of or relate in any way to: (a) the sending of the Download the Scout App Text Messages, or (b) to the sending of at least one additional text message other than a message confirming an opt out request to any person who had replied STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from a Telenav Number, in either case during the Class Period, including alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and similar state laws relating to sending of text messages without consent or after revoking consent.

c.      Waiver of Cal. Civ. Code Section 1542. Plaintiff and all Settlement Class Members agree that this paragraph constitutes a waiver of California Civil Code section 1542 and

any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

4.       Plaintiff and the Settlement Class Members understand and acknowledge the significant of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to he Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## VI.  ATTORNEY'S FEES AND INCENTIVE AWARD

### 1.       Fee Award and Costs

a.       No later than fourteen (14) days before the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award not to exceed, in the aggregate, one-third (33.33%) of the $3.5 million Settlement Fund (or one million one hundred fifty-five thousand dollars ($1,155,000.00 USD)). The Parties agree that the Court (and only the Court) shall determine the final amount of the Fee Award in this Action.

b.       Any Fee Award shall be paid out of the Settlement Fund. In the event the Fee Award approved by the Court is less than one-third of the Settlement Fund, the difference between such amount and the amount requested by Class Counsel shall remain as part of the Settlement Fund.

c.      Subject to the terms and conditions of this Agreement, within five (5) business days after the Funding Date, and only in the event that the Court has made a Fee Award payable to Class Counsel, the Settlement Administrator shall distribute from the Settlement Fund the amount of any approved Fee Award to Class Counsel. Said distribution shall be made via wire or check as directed by Class Counsel. Prior to payment Class Counsel shall submit to Telenav and to the Settlement Administrator such documentation (such as a W-9 form) as may be reasonably requested to accomplish the payment of the Fee Award contemplated herein.

d.      Except as provided for in this Section, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

**2.      Class Representative Incentive Award**

a.      No later than fourteen (14) days before the Objection Deadline, the Named Plaintiff and Class Counsel may make written application to the Court for an Incentive Award not to exceed the amount of five thousand dollars ($5,000.00 USD) to be paid to the Settlement Class Representative for his service as a class representative in the Action and the settlement. The Parties agree that the Court (and only the Court) shall determine the final amount, if any, of the Incentive Award.

b.      Telenav agrees not to oppose any such application provided that it is in accord with the limitations set forth in this Section.

c.      The Incentive Award shall be paid out of the Settlement Fund. In the event the Incentive Award finally approved by the Court is less than five thousand dollars ($5,000.00), the difference between the amount requested and the amount awarded shall remain as part of the Settlement Fund.

d.      Subject to the terms and conditions of this Agreement, within five (5) calendar days after the Funding Date, and only in the event that the Court has approved an Incentive Award to the Named Plaintiff, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Incentive Award. Said distribution shall be made as directed

1    by Class Counsel. The Named Plaintiff, through Class Counsel, shall provide a W-9 form to

2    Telenav and the Settlement Administrator prior to payment.

3        **3.**    <u>**Effect on Settlement**</u>

4        a.    The Parties agree that the rulings of the Court regarding the amount of the

5    Fee Award and Incentive Award, and any claim or dispute relating thereto, will be considered by

6    the Court separately from the remaining matters to be considered at the Final Approval Hearing as

7    provided for in this Settlement Agreement and that any determination in that regard may be

8    embodied in a separate order from the Court. Any order or proceedings relating to the amount of

9    the Fee Award or the Incentive Award, including any appeals from or modifications or reversals of

10    any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement

11    Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the

12    Final Approval Order and Judgment becomes Final as defined herein.

13        **VII.**  <u>**LIMITATIONS ON USE OF SETTLEMENT AGREEMENT**</u>

14        **1.**    <u>**No Admission**</u>

15        a.    Telenav denies any liability or wrongdoing of any kind associated with the

16    alleged claims in the Action. Telenav has denied and continues to deny each and every material

17    factual allegation and all claims asserted against it in the Action. Nothing herein shall constitute an

18    admission by Telenav of wrongdoing or liability, or of the truth of any allegations in the Action.

19    The settlement of the Action, the negotiation and execution of this Agreement, and all acts

20    performed or documents executed pursuant to or in furtherance of the Settlement are not and shall

21    not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or

22    liability on the part of Telenav, or as a concession by Telenav as to the truth of any of the

23    allegations in the Action, or the veracity of any claim for relief or defense, or as an admission

24    regarding any other matter in the case.

25        **2.**    <u>**Limitations on Use**</u>

26        a.    Neither this Settlement Agreement nor any related documents filed or

27    created in connection with this Settlement Agreement shall be admissible in evidence in any

28    proceeding, except as necessary to approve, interpret or enforce this Settlement Agreement.

## VIII. <u>MISCELLANEOUS PROVISIONS</u>

**1.** <u>**Claims Against Settlement Benefits**</u>

      a.      In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any Claimant Payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party.

      b.      The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by Named Plaintiff or any Settlement Class Member.

**2.** <u>**Counterparts**</u>

      a.      This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. Signature by digital, facsimile or in PDF format shall be deemed an original for all purposes.

**3.** <u>**Integration Clause**</u>

      a.      This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Action. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by a duly authorized agent of Telenav, the Named Plaintiff, and their respective counsel and approved by the Court, and may not be discharged except by performance in accordance with its terms.

**4.** <u>**Execution of Documents**</u>

      a.      The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.

1         **5.**      **Independent Judgment and Advice of Counsel**

2         a.      Each party to this Settlement Agreement warrants that he, she, or it is acting

3    upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in

4    reliance upon any warranty or representation, express or implied, of any nature or kind by any

5    other party, other than the warranties and representations expressly made in this Settlement

6    Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have

7    read this Settlement Agreement, have received legal advice with respect to the advisability of

8    entering into this Settlement, and fully understand its legal effect.

9         **6.**      **Governing Law**

10        a.      The Settlement Agreement shall be construed, enforced, and administered

11   in accordance with the laws of the State of California.

12        **7.**      **Jurisdiction**

13        a.      The Court shall retain jurisdiction, after entry of the Final Approval Order

14   and Judgment, with respect to enforcement of the terms of this Settlement Agreement and the

15   underlying settlement, and all Parties and Settlement Class Members submit to the exclusive

16   jurisdiction of the Court with respect to the enforcement of this Settlement Agreement and any

17   dispute relating thereto.

18        **8.**      **Exhibits**

19        a.      The exhibits to this Settlement Agreement are an integral and material part

20   of this Settlement Agreement and are hereby incorporated and made a part of this Settlement

21   Agreement.

22        **9.**      **No Assignments: Binding on Assigns**

23        a.      Each Party represents, covenants, and warrants that he, she, or it has not

24   directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or

25   encumber any portion of any liability, claim, demand, cause of action, or rights that he, she or it

26   herein releases. This Settlement Agreement shall be binding upon and inure to the benefit of the

27   Parties and their respective heirs, trustees, executors, successors, and assigns.

28        **10.**      **Terms and Conditions Not Superseded**

a.      Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Telenav and its customers and app users, or to the services provided by Telenav and purchased by its customers and used by consumers, except as expressly set forth herein.

**11.      Waiver of Compliance**

a.      Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived or excused in writing, to the extent permitted under applicable law, by the Party entitled to the benefit of such obligation, covenant, agreement, or condition and such party's counsel. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to any subsequent or other failure.

**12.      No Collateral Attack**

a.      This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim should have been heard or decided by another court or in another suit, that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement.

**13.      Authorization**

a.      The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

**14.      Settlement Class Member Signatures**

a.      It is agreed that, because the Settlement Class is so numerous, it is impractical to have each Settlement Class Member execute this Settlement Agreement. The Notice will advise all Settlement Class Members and/or their representatives of the binding nature of the releases and of this Settlement Agreement, and in the absence of a valid and timely request for

1   exclusion, such Notice shall have the same force and effect as if each Settlement Class Member

2   executed this Settlement Agreement.

3      **15.     Taxes**

4          a.      The Parties agree that the account into which the Settlement Fund is

5   deposited is intended to be and will at all times constitute a "qualified settlement fund" within the

6   meaning of Treas. Reg. §1.468B-1.

7          b.      For the purpose of §1.468B of the Code and the Treasury regulations

8   thereunder, the Settlement Administrator shall be designated as the "administrator" of the

9   Settlement Fund. The Settlement Administrator shall cause to be timely and properly filed all

10  informational and other tax returns necessary or advisable with respect to the Settlement Fund

11  (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns on

12  the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

13         c.      Any expenses reasonably incurred by the Settlement Administrator in

14  carrying out the duties described in this Agreement, including fees of tax attorneys and/or

15  accountants, shall be paid by the Settlement Administrator from the Settlement Fund pursuant to

16  its estimates and invoice for services rendered, in accordance with Section III.

17         d.      Any Person that receives a distribution from the Settlement Fund pursuant

18  to Section III shall be solely responsible for any taxes or tax-related expenses owed or incurred by

19  that Person by reason of that distribution. Such taxes and tax-related expenses shall not be paid

20  from the Settlement Fund. The Parties will reasonably cooperate with the Settlement

21  Administrator to obtain appropriate reporting information for all Settlement Class Members who

22  receive over $600.

23         e.      Plaintiff and Class Counsel shall fully bear all the tax consequences of any

24  and all benefits received by them and the Settlement Class Members from Telenav in connection

25  with this Agreement. Plaintiff acknowledges that Telenav and its attorneys provided no tax advice

26  related to this Agreement and that Telenav may be required to file certain Form 1099 or other

27  information reports with the United States Internal Revenue Service. Plaintiff has been advised to

28  consult with tax counsel of Plaintiff's own choice to seek legal and tax advice regarding the

1    taxability or non-taxability of consideration provided herein. In no event shall Telenav or any of

2    the other Released Parties have any responsibility or liability for taxes or tax-related expenses

3    arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class

4    Counsel, the Settlement Class Members, the *Cy Pres* or any other person or entity.

5           **16.**     **Drafter of Agreement**

6                 a.      Neither Telenav nor Named Plaintiff, nor any of them, will be considered to

7    be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute,

8    case law, or rule of interpretation or construction that would or might cause any provision to be

9    construed against the drafter of this Settlement Agreement.

10          **17.**     **Agreement to Be Binding Regardless of ACA Appeal or Other Legal Decisions**

11                a.      The Parties agree that it is their intention to be bound to the terms of this

12   Settlement Agreement irrespective of any decision that may be issued by the D.C. Circuit in *ACA*

13   *International v. Federal Communications Commission et al.,* case number 15-1211.

14                                     **SIGNATURES**

15

16                                     _____
                                       Michael Strambi                        date
                                       TELENAV, INC.

17                                     Chief Financial Officer

18                                     Telenav, Inc.
                                       _____
                                       NATHAN GERGETZ                          date

19

20

21

22                                     WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

23

24                                     By: _____
                                           TONIA OUELLETTE KLAUSNER

25
                                       Attorneys for Defendant
26                                     TELENAV, INC.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODROW & PELUSO, LLC

By: _____
         STEVEN L. WOODROW

Attorneys for Plaintiff
NATHAN GERGETZ

1   taxability or non-taxability of consideration provided herein. In no event shall Telenav or any of

2   the other Released Parties have any responsibility or liability for taxes or tax-related expenses

3   arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class

4   Counsel, the Settlement Class Members, the *Cy Pres* or any other person or entity.

5         **16.**      **Drafter of Agreement**

6         a.      Neither Telenav nor Named Plaintiff, nor any of them, will be considered to

7   be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute,

8   case law, or rule of interpretation or construction that would or might cause any provision to be

9   construed against the drafter of this Settlement Agreement.

10         **17.**      **Agreement to Be Binding Regardless of ACA Appeal or Other Legal Decisions**

11         a.      The Parties agree that it is their intention to be bound to the terms of this

12   Settlement Agreement irrespective of any decision that may be issued by the D.C. Circuit in *ACA*

13   *International v. Federal Communications Commission et al.,* case number 15-1211.

14                            **SIGNATURES**

15

16                            TELENAV, INC.           date

17

18                                             03/04/2018

19                            NATHAN GERGETZ      date

20

21

22                            WILSON SONSINI GOODRICH & ROSATI
                         Professional Corporation

23

24                            By: _____
                             TONIA OUELLETTE KLAUSNER

25                            Attorneys for Defendant

26                            TELENAV, INC.

27

28

Doc ID: da9b2e67a51b4bf1ffe00c28220b3f2db5ecabfc

WOODROW & PELUSO, LLC

By: _____
    STEVEN L. WOODROW

Attorneys for Plaintiff
NATHAN GERGETZ

# EXHIBIT 1

## Telenav, Inc. TCPA Settlement CLAIM FORM

*Gergetz v. Telenav, Inc.* Case No. 5:16-CV-4261-BLF (N.D. Cal.)

Return this Claim Form to the following address: Settlement Administrator, [address]. For questions, visit www.[SettlementWebsite].com or call [toll free number].

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR BE POSTMARKED BY [CLAIMS DEADLINE]. IT MUST ALSO BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you received one or more text messages on your cellphone from a Telenav, Inc. ("Telenav" or "Defendant") phone number without providing prior express consent and/or after you responded "STOP" (or similar language) to a previous text message, you may be entitled to a monetary payment if the Settlement is finally approved by the Court. If the Settlement is approved, each Settlement Class Member, whether or not he or she submits a claim, will release the Defendant and related entities and all their officers, agents, employees, and those working with them from any and all claims as a result of the text messages that are the subject of the Settlement. Only the primary user or owner of the wireless telephone number at which the text messages at issue were received can submit this Claim Form. Only one claim per wireless account is allowed regardless of how many text messages were received or how many cell phone numbers are included on the wireless account. Please see below for the full definition of the Settlement Class.

Claimants who are part of the No Consent Subclass will receive one (1) Settlement Unit (equal to the Net Settlement Fund divided by the total number of Units, subject to a $1,500 maximum cap per Unit). Claimants who are part of the STOP Subclass will receive five (5) Units. Members of both Subclasses will receive six (6) Units. Subclass membership will be determined based on Telenav's records. All Units will be equal. See below for the definition of each Subclass.

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Settlement Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained herein is true and correct.

Call Class Counsel at 1-720-213-0676 for more information.

## YOUR CONTACT INFORMATION

**First Name:**  **MI:**  **Last Name:**

**Current Address:** (You must provide a street address. A P.O. box will not be accepted.)

**City:**  **State:**  **ZIP Code:**

**Cell Phone Number at the Time You Received a/the Text(s):**

**Current Phone Number:**  **or** ☐ check if same as above

(Please provide a phone number where you can be reached if further information is required.)

**Class Member ID (if known):**

## Class Member Verification

By submitting this Claim Form and checking the boxes below, I declare under penalty of perjury that I am a member of the Settlement Class as described below.

***************************************************************************

Additional information regarding the Settlement can be found at **[website.com]**.

The Settlement Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____     Date: [MM] – [DD] – [YY]

Print Name: _____     Your claim will be reviewed by the Settlement Administrator. If accepted, you will be mailed a check for your share of the Settlement based on the Units for which you are eligible. Please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE AT www._____ OR BE POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO THE FOLLWING ADDRESS: Settlement Administrator, [Address].** If you have questions, you may call the Settlement Administrator at **[toll-free #]** and Class Counsel at 1-720-213-0676.

**CLASS DEFINITION: You are a member of the Settlement Class if you fall within one of Subclasses defined below. For purposes of this definition, multiple owners or users of a single cellular telephone are deemed to be a single member of the Settlement Class. The Settlement Class is comprised of all Persons in the No Consent Subclass and the Stop Subclass defined as:**

The "No Consent Subclass": All persons in the United States who, during the Class Period, received at least one text message including a link to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups"; and/or

The "Stop Subclass": All persons in the United States who, during the Class Period, received at least one additional message other than a message confirming an opt-out request, after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number.

"Telenav Number" means the following long and short codes used by Telenav during the Class Period: 72711, 6503535354, 4083260909, 4086281466, 8014471740, 4083260964, 4083891019, 4083891173, 4082146704, 4083728950, 4083891081, 4082170339, 4082605166, 8014471447, 4082605082, 4084795509, 4084795512, 7205072688, 5172688155, 4243486284, 5172688785, 9792726889, 4086281090, 5172688529, 5172688473, 5172688212, 5172688220, 4086281591, 5108086289, 9495372688, 5614086284, 7862882682, 5172688596, 8628814294, 5172688830, 4086281619, 7194198628, 9792726881, 5172688702, 2018972688, 5172688222, 5172688602, 8643726888, 4243486282, 8327862844, 4086281626, 5172688827, 9792726887, 4243486289, 4086281609, 8175672688, 4086281079, 5172688152, 5172688831, 9792726885, 5172688603, 2018172688, 4086281615, 9093286285, 5172688576, 6143672688, 8628814129, 9792726884, 6467986288, 9792726882, 4086281469, 6506678628, 4136486286, 5172688026, 9792726883, 5039286281, 4243486283, 4086281777, 9792726888, 9792726880, 5172688796, 8176972688, 4084795554, 4084795518, 4084792930, 4084795524, 4084795552, 4084795531, 4084795521, 4082170170, 4084792931, 4084795502, 4084795523, 4084795550, 8282660066, 4084795522, 4084795529, 4084795527, 4084795534, 4084795519, 4084792935, 4084795526, 4084792934, 5602048134, 4086693631, 6693337361, 6503532889, 6693337460, 6503977110, 2246623018, 6505675793, 6503186344, 6698001276, 4432821010, 4085121115, 6693335868, 6503999737, 6509004743, 4084740384, 4084712757, 4084740437, 6503535880, 4084796187, 4084782420, 4084703794, 4084771550, 4084796046, 4084789302, 4084789117, 6674018988, 4087097688, 8566660818, 4086062881, 4088192661, 6692383666, 4086889159, 6693335969, 4087676901, 6693335955.

# EXHIBIT 2

*Gergetz v. Telenav Inc.*
**Banner Advertisement**

**Online Display –**
728x90 Static Ad

**LEGAL NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**ATTENTION! If you received a text message on your cell phone from a Telenav phone number, you may be part of a Class Action Settlement**
**LEARN MORE AT: WWW.[WEBSITEURL].COM**

300x250 Static Ad

**LEGAL NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**ATTENTION! If you received a text message on your cell phone from a Telenav phone number, you may be part of a Class Action Settlement**
**LEARN MORE AT: WWW.[WEBSITEURL].COM**

**Facebook –**
Static Ad

Option 1:

**Class Action Settlement**

**Attention! Telenav Text Message Settlement**
websiteurl.com
If you received a text from a Telenav number,
you may be part of a Class Action Settlement.

Option 2:

**Telenav**

**Attention! Legal Notice**
websiteurl.com
If you received a text from a Telenav number,
you may be part of a Class Action Settlement.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

**If You Received a Text Message from a Telenav Phone Number, You Could Get a Payment from a Class Action Settlement.**

*A Federal Court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*
*Para ver este aviso en español, visite www._____.com*

- A Settlement has been reached in an alleged class action lawsuit about whether Telenav, Inc. ("Telenav") sent text messages to cellphone users who did not consent to receiving such messages and/or after users had replied with a "STOP" or similar command (other than a text message confirming the opt-out request). Telenav is referred to as the "Defendant."

- Those included in the Settlement who file Valid Claim Forms will be eligible to receive a payment from the Settlement Fund, which is $3,500,000 total. The actual amount of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive award and attorneys fees and expenses approved by the Court.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment from the Settlement Fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **PARTICIPATE IN THE HEARING** | Ask for you or your attorney to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't receive a payment from the Settlement Fund and will give up your right to sue the Defendant about the claims released by the Settlement Agreement. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice. For complete details, view the Settlement Agreement, available [*here*] or call [toll free number]

## BASIC INFORMATION

| **1.  Why was this Notice issued?** |
| --- |

A Court directed that this notice be sent because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Beth L. Freeman of the U.S. District Court for the Northern District of California is overseeing this case. The case is known as *Gergetz v. Telenav, Inc.* Case No. 5:16-CV-4261-BLF. Mr. Gergetz, the person who sued, is called the Plaintiff/Class Representative. The company he sued, Telenav, is called the Defendant.

| **2. What is a Class Action?** |
| --- |

In a class action, one or more people called Class Representatives (in this case, Nathan Gergetz) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| **3. What is this Lawsuit about?** |
| --- |

This lawsuit alleges that Telenav sent text messages to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. The Class Representative claims that Telenav sent text messages encouraging recipients to download the "Scout" mobile application to cellphone users who never provided prior express consent. The Class Representative also claims that Telenav continued sending text messages to cellphone users who had responded with a "STOP" or similar command to prior messages, and that the subsequent messages went beyond merely confirming the opt-out request. Telenav denies the factual allegations and denies that it violated any law, and has asserted several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| **4. Why is there a Settlement?** |
| --- |

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am in the Settlement Class?** |
| --- |

You are in the Settlement Class if either of the following apply:

**No Consent Subclass**: You are a member if you resided in the United States and, between July 28, 2012 and March 5, 2018 received at least one text message including a link to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups".

**STOP Subclass**: You are a member if you resided in the United States and between  July 28, 2012 and March 5, 2018 received at least one additional text message other than a message confirming an opt out request after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number listed below:

72711, 6503535354, 14083260909, 4086281466, 18014471740, 4083260964, 4083891019, 4083891173 , 4082146704, 4083728950, 4083891081, 4082170339, 4082605166, 8014471447, 4082605082, 4084795509, 4084795512, 7205072688, 5172688155, 4243486284, 5172688785, 9792726889, 4086281090, 5172688529, 5172688473, 5172688212, 5172688220, 4086281591, 5108086289, 9495372688, 5614086284, 7862882682, 5172688596, 8628814294, 5172688830, 4086281619, 7194198628, 9792726881, 5172688702, 2018972688, 5172688222, 5172688602, 8643726888, 4243486282, 8327862844, 4086281626, 5172688827, 9792726887, 4243486289, 4086281609, 8175672688, 4086281079, 5172688152, 5172688831, 9792726885, 5172688603, 2018172688, 4086281615, 9093286285, 5172688576, 6143672688, 8628814129, 9792726884, 6467986288, 9792726882, 4086281469, 6506678628, 4136486286, 5172688026, 9792726883, 5039286281, 4243486283, 4086281777, 9792726888, 9792726880, 5172688796, 8176972688, 4084795554, 4084795518, 4084792930, 4084795524, 4084795552, 4084795531, 4084795521, 4082170170, 4084792931, 4084795502, 4084795523, 4084795550, 8282660066, 4084795522, 4084795529, 4084795527, 4084795534, 4084795519, 4084792935, 4084795526, 4084792934, 6502048134, 4086693631, 6693337361, 6503532889, 6693337460, 6503977110, 2246623018, 6505675793, 6503186344, 6698001276, 4432821010, 4085121115, 6693335868, 6503999737, 6509004743, 4084740384, 4084712757, 4084740437, 6503535880, 4084796187, 4084782420, 4084703794, 4084771550, 4084796046, 4084789302, 4084789117, 6674018988, 4087097688, 8566660818, 4086062881, 4088192661, 6692383666, 4086889159, 6693335969, 4087676901, 6693335955.

For the full definition of the Settlement Class, please see the Settlement Agreement, which is available by contacting the Settlement Administrator or Class Counsel, clicking [*here*], or by clicking the "Settlement Agreement" link under the "Important Documents Tab" on the Settlement Website, located at http://www.settlementwebsite.com.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

The Settlement provides that Telenav will pay $3,500,000 U.S. dollars (the "Settlement Fund") into the Settlement Bank Account. The cost to send notice to the class and administer the Settlement as well as court approved attorneys' fees and expenses, and a court approved payment to the Class Representative

will come out of this amount (*see* Question 13). The amount remaining after deducting these sums (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit approved claims.

Class members who submit valid claim forms and who are part of the No Consent Subclass according to Telenav's records will be eligible to receive One (1) Unit from the Net Settlement Fund, up to a maximum of $1,500.00 USD. Class members who submit valid claim forms and who are part of the STOP Subclass according to Telenav's records will be eligible to receive Five (5) Units from the Net Settlement Fund, up to a maximum of $7,500 USD. Class members who submit valid claim formss and are members of both Subclasses will be eligible to receive a total of six (6) Units from the Net Settlement Fund up to a maximum of $9,000 USD. All Units will be of equal value, and the actual value of each Unit will depend upon the number of valid claim forms submitted and approved.

## 7. How much will my payment be?

If you are member of the Settlement Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for an amount equal to the value of the number of award units for which you qualify. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are submitted, the cost of the Notice to Class Members and administration of the Settlement, and any incentive award to the Class Representative and award of attorneys' fees and expenses to Class Counsel. Any amounts remaining in the Settlement Fund after disbursement of these amounts will be paid to a *cy pres* recipient approved by the Court. The Settlement Class is estimated to include approximately 200,000 cellphone users.

You may only make one claim per cellphone number, regardless of how many messages were received.

## 8. When will I get my payment?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement will be held before the Honorable Beth Labson Freeman in Courtroom 3 Fifth Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

# HOW TO GET BENEFITS

## 9. How do I get benefits?

If you are a Settlement Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by [**CLAIMS DEADLINE**]. The Claim Form is available [*here*], or can be obtained by calling, toll free, 1-800-000-0000 or by contacting Class Counsel at (720) 213-0676. The Claim Form can be submitted online at the Settlement Website www._____.com, or by mail. There is only one claim per cellphone number.

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue Telenav for the claims being resolved by this Settlement. The specific claims you are giving up against Telenav are described in Section V of the Settlement Agreement. You will be "releasing" the Defendant and all related people and entities as described in Section 1.3 of the Settlement Agreement. Unless you exclude yourself (*see* Questions 14-16), you are "releasing" the claims, regardless of whether you submit a Claim Form or not. The Settlement Agreement is available [*here*] and at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC, and Stefan Coleman of the Law Office of Stefan Coleman, P.A., to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

### 13. How will the lawyers, Class Representative and Settlement Administrator be paid?

The Settlement Agreement allows Class Counsel to submit a request for reasonable attorneys' fees and costs of up to one-third of the Settlement Fund as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. Class Counsel may seek, and the Court may award, less than this amount. Class Counsel also will apply to the Court for an Incentive Award in the amount of up to $5,000 for the Class Representative for his efforts in bringing the action and assisting throughout the litigation. If approved by the Court, these amounts will be deducted and paid from the Settlement Fund before making payments to Settlement Class Members who submit valid claims. The Settlement also requires that all as costs and expenses associated with giving notice of and administering the Settlement will be paid from the Settlement Fund before making payments to Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue Defendant on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Settlement. If you exclude yourself from the Settlement, you will not be entitled to any relief the Settlement provides.

**14. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that you want to be excluded from the Settlement of *Nathan Gergetz v. Telenav, Inc.* Case No. 5:16-CV-4261-BLF. Your letter or request for exclusion must also include your name, your address, the phone number that allegedly received the relevant text message(s) from a Telenav number, and your signature. You must mail your exclusion request so that it is postmarked no later than [Opt Out Deadline] to:

Settlement Administrator
*Gergetz v. Telenav, Inc.*
Case No. 5:16-CV-4261-BLF
[Address Line 1]
[Address Line 2]

You cannot exclude yourself on the phone or by email.

The Court will exclude from the Settlement Class any Class Member who timely requests exclusion.

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Telenav for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits. You will no longer be eligible to receive a benefit from the Settlement.

OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court I do not like the Settlement?**

If you're a Class Member and you do not exclude yourself, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views before deciding whether to approve the Settlement. To object, you must send a letter stating that you object to the Settlement in *Gergetz v. Telenav, Inc.* Case No. 5:16-CV-4261-BLF, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your cellular telephone number that allegedly received the relevant text message(s), and your signature. You must mail or deliver the objection to the Clerk of the Court at the address below, postmarked no later than [exclusion deadline].  If you are represented by a lawyer, your lawyer must file your objection or comment with the Court. Include your lawyer's contact information in the objection or comment.

Clerk of the Court
Robert F. Peckham Federal Building & United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

Class Counsel will file with the Court and post on the Settlement Website under the "Important Documents" tab, its request for attorneys' fees two weeks prior to the objection deadline.

| **18. May I speak to the Court about my objection?** |
|---|

Yes, you may ask the Court for permission to speak. If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer, you must either say so in your objection, designating it as an "Objection and Notice of Intention to Appear at Final Fairness Hearing," or you must send a letter stating your intent to speak and the final fairness hearing to the Clerk of the Court at the address listed above. If submitted separately from your objection, your Notice of Intention to Appear at Final Fairness Hearing must include your name, address, telephone number, and your signature. Mail the Notice so that it is postmarked no later than **Month 00, 2018**:

| **19. What's the difference between objecting and excluding myself from the Settlement?** |
|---|

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you are excluding yourself from the entire Settlement, so you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

| **20. When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold the Fairness Hearing at [time] on **Month 00, 2018** at the Robert F. Peckham Federal Building & Courthouse, Courtroom 3 - 5th Floor, 280 South 1st Street, San Jose, CA 95113. The purpose of the hearing will be for the Court to consider whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for an award of attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. If anyone has asked to speak at the hearing (see Question 18), the Court will listen to him or her at that time. The Court will issue its decision after the hearing. We do not know how long it will take for the Court to decide.

The hearing may be postponed to a different date or time without notice, so if you plan to attend it is a good idea to check with Class Counsel by calling 720.213.0676. If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## GETTING MORE INFORMATION

### 22. Where do I get more information about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the full Settlement Agreement, which can be viewed or downloaded [*here*]. You also can get a copy of the Settlement Agreement by writing the Settlement Administrator at P.O. Box 0000, City, ST 00000 or by visiting www.[settlementwebsite].com. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0676, if you have any questions. Before doing so, however, please read this full Notice carefully.

Many of the Court papers, including this Notice, the Settlement Agreement, and the Order for Preliminary Approval are posted on the Settlement Website www.[settlementwebsite].com. You also can obtain a copy of the Settlement Agreement or review any other public papers relating to the lawsuit by examining the records of this case, *Gergetz v. Telenav, Inc*. Case No. 5:16-CV-4261-BLF at the Clerk's office at the U.S. District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, Room 2112, San Jose, CA 95113. The clerk's office has the ability to make copies of any such public documents for a fee. Also, all filed documents in the case, including the Settlement document, are available for viewing online for a fee through the Court's PACER document review system (www.pacer.gov). Any questions that you may have about this Notice should not be directed to the Court, but should be directed to the Settlement Administrator or Class Counsel.

### 23. What am I giving up in exchange for the Settlement benefits?

Unless you exclude yourself, you will release Telenav and its predecessors, successors, and its past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future, directors, officers, managers, employees, general partners, limited partners, members, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, vendors, independent contractors, or any other representatives, and each of their respective executors, administrators, successors, assigns, and legal representatives (collectively "Released Parties") from any and all claims related to unauthorized Download the Scout App Text Messages and ineffective attempts to opt-out of additional text messages from a Telenav telephone number during the Class Period.  You will no longer be able to sue, continue to sue, or be part of any other lawsuit against Telenav or any of the Released Parties about these claims. You will be legally bound by all of the Court's orders relating to the Settlement, as well as the "Released Claims" (see next question).

## 24. What are the released claims?

The "Released Claims" are any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that arise out of or relate in any way to: (a) the sending of the Download the Scout App Text Messages, or (b) to the sending of at least one additional text message other than a message confirming an opt out request to any person who had replied STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from a Telenav Number, in either case during the Class Period, including alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and similar state laws relating to sending of text messages without consent or after revoking consent. The Parties acknowledge and agree that the Settlement does not release any claims held by the States or other governmental entities. The release covers known and unknown claims, and waives rights under California Civil Code Section 1542 and similar statutes. This means that all of the Court's orders will apply to you and legally bind you. The full terms of the Release are set forth in Section V. of the Settlement Agreement available at www.[settlementwebsite].com.

# EXHIBIT 4

**Legal Notice**

**ATTENTION! If You Received**

**A Text Message on Your Cellular**

**Telephone from a Telenav Number**

**Your Rights May Be Affected by a**

**Class Action Settlement**

**Learn More At:**



*Nathan Gergetz v. Telenav, Inc.*
Case No. 5:16-CV-4261-BLF
Norther District California
Settlement Administrator
[Address Line 1]
[Address Line 2]
[Address Line 3]

First
Class
Postage
Permit

Postal Service: Please do not mark barcode

Class Member ID: ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

**Summary Notice**

A Settlement has been reached in a class action lawsuit, *Gergetz v. Telenav*, *Inc*. Case No. 5:16-CV-4261-BLF, pending in the U.S. District Court for the Northern District of California, San Jose Division. The Court has preliminarily approved the settlement, which could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit www.[website].com to read the Full Notice, submit a Claim Form, and view important court dates and documents.

**Nature of the Action.** The lawsuit alleges that Telenav sent text messages to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. The Class Representative claims that Telenav sent text messages encouraging recipients to download the Scout mobile application to cellphone users who never provided prior express consent. The Class Representative also claims that Telenav continued sending text messages to cellphone users who had responded with a "STOP" or similar command to prior messages and that the subsequent messages went beyond merely confirming the opt-out request. Telenav denies the allegations and that it violated any laws, and it asserts several defenses. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**How Do I Know if I am a Class Member?** You are a Settlement Class Member if you resided in the United States and received a text message from between July 28, 2012 and March 5, 2018 (a) that included a link to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups", (the "No Consent Subclass"), or (b) you received at least one additional text message other than a message confirming an opt-out request after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number (the "STOP Subclass").. The full list of Telenav Numbers for purposes of this Settlement can be found in the Full Notice available at www.[website].com. You may be a member of both subclasses.

**What does the Settlement Provide?** If approved by the Court, Defendant will pay $3,500,000 into a Settlement Fund. After deducting attorneys' fees and expense (no more than one-third of the Settlement Fund), and Incentive Award of no more than $5,000 to the Class Representative, and the costs of notice and claims administration (estimated to be approximately $240,000 USD), the Settlement Fund will be divided among Settlement Class Members who submit valid claims subject to a formula and limits set forth in the Settlement Agreement. If any money remains after these disbursements, it will be donated to a *cy pres* recipient approved by the Court.

**What are My Options?** If you are a member of the Class as described above, your legal rights are affected and you have several options: **(1) Submit a Claim:** You may submit a Claim Form at www.[settlementwebsite].com or download the form and submit it by

**TO SUBMIT A CLAIM FORM, VISIT:**
**www.[websiteurl].com**
*Para ver este aviso en español, visite*
**www.websiteurl.com**

---

To request exclusion, submit your signed statement that says "I wish to be excluded from *Nathan Gergetz v. Telenav*, *Inc*. Case No. 5:16-CV-4261-BLF" to:

Settlement Administrator
*Nathan Gergetz v. Telenav*, *Inc*.
Case No. 5:16-CV-4261-BLF
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

---

For all other inquiries, contact the Settlement Administrator at 1-800-0000 or Class Counsel at:

*Nathan Gergetz v. Telenav*, *Inc*.  Case No. 5:16-CV-4261-BLF
Class Counsel
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
(720) 213-0676   swoodrow@woodrowpeluso.com

mail, either way by no later than [claims deadline]. Include the Class Member ID on the front of this postcard with your claim. The information you provide to the Settlement Administrator will be used only to administer the Settlement. **(2) Do Nothing: You will not receive a payment** but you will be bound by the Court's Orders and Judgement and give up your right to sue Telenav and certain other persons and entitles about the legal claims resolved by the Settlement. **(3) Exclude Yourself:** Keep the right to sue Telenav about the legal claims resolved by the Settlement, but **you will not receive payment** from this Settlement. To request exclusion, you must mail a signed statement that says "I wish to be excluded from the Settlement in *Gergetz v. Telenav, Inc*. Case No. 5:16-CV-4261-BLF" to the Settlement Administrator, postmarked by [opt-out deadline]. Specific information is available at www.website.com. **(4) Object/Request to Appear:** Write to the Court and say why you don't like the Settlement and/or request permission to speak at the Final Approval Hearing by [objection deadline]. The Court will hold a Final Approval Hearing at [time] on [date], before the Honorable Beth Labson Freeman in Courtroom 3 Fifth Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113   The Court will consider whether the proposed settlement is fair, reasonable, and adequate and whether to approve the attorneys' fees and costs to Class Counsel and an Incentive Award to the Class Representative, and consider objections, if any. The motion for attorneys' fees and costs will be posted on the settlement website after it is filed.

**Who Represents Me?** The Court has appointed Woodrow & Peluso, LLC and the Law Office of Stefan Coleman, P.A. to be the attorneys for the Class. These attorneys are referred to as Class Counsel. You may hire your own lawyer at your own expense.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.

www.[websiteurl].com

# EXHIBIT 5

Subject: Notice of Class Action Settlement - Gergetz v. Telenav, Inc.

Body:

Class Member ID: ABC-1234567-8

### NOTICE OF CLASS ACTION SETTLEMENT

*Gergetz v. Telenav, Inc.*, No. 5:16-CV-04261-BLF (N.D. CAL.)

### IF YOU RECEIVED A TEXT MESSAGE
### FROM A TELENAV PHONE NUMBER YOU COULD RECEIVE
### A PAYMENT FROM A CLASS ACTION SETTLEMENT

*For complete information, visit www.[websiteurl].com or call 1-xxx-xxx-xxxx.*
*Para ver este aviso en español, visite www.websiteurl.com*

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit against Telenav, Inc. ("Telenav"), *Gergetz v. Telenav, Inc*. Case No. 5:16-CV-4261-BLF, pending in the U.S. District Court for the Northern District of California, San Jose Division. The Court has preliminarily approved the settlement, which could impact your legal rights, whether you act or not. This is only a summary of the Full Notice.  Visit www.[websiteurl].com to read the Full Notice, submit a Claim For, and view important court dates and documents.

       **Nature of the Action.**  The lawsuit alleges that Telenav sent text messages to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. The Class Representative claims that Telenav sent text messages encouraging recipients to download its "Scout App" to cellphone users who never provided prior express consent. The Class Representative also claims that Telenav continued sending text messages to cellphone users who had responded with a "STOP" or similar command to prior messages, and that the subsequent messages went beyond merely confirming the opt-out request. Telenav denies the allegations and that it violated any laws, and it asserts several defenses. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation .

       **Why am I Receiving This Email?** Our records show you may be a member of the "Settlement Class." You are in the Settlement Class if you resided in the United States and received a text message from between July 28, 2012 and  March 5, 2018 (a) that included a link to http://scoutgps.com and the language "Download Scout to send notifications", "Connect with [NAME] by downloading Scout", "To see [NAME]'s progress and communicate, download Scout", or "Welcome to Scout! [NAME] is using Scout to talk about, plan, and navigate to Meet Ups," (the "No Consent Subclass"), or (b) you received at least one additional text message other than a message confirming an opt-out request after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number (the "STOP Subclass"). The full list of Telenav Numbers for purposes of this Settlement can be found in the Full Notice available at www.[website].com. You may be a member of both subclasses.

**What Can I Get Out of the Settlement?** If you're eligible and the Court approves the Settlement, you could receive a cash payment. Telenav has agreed to fund a Settlement Fund of $3,500,000 U.S. dollars. The cost to send notice to the class and administer the Settlement (estimated to be approximately $240,000.00 USD), as well as any award of reasonable attorneys' fees and expenses (no more than one-third of the Settlement Fund) and any Incentive Award of no more than $5,000 to the Class Representative will come out of this amount. The amount remaining after deducting these amounts (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit valid claims. Class members who file valid claims and who are part of the No Consent Class according to Telenav's records will be eligible to receive One (1) Unit from the Net Settlement Fund. Class members who file valid claims and who are part of the STOP Subclass according to Telenav's records will be eligible to receive Five (5) Units from the Net Settlement Fund. Class members who file valid claims and are members of both Subclasses will be eligible to receive a total of Six (6) Units from the Net Settlement Fund. All Units will be equal, and no Unit may exceed $1,500. If any money remains after these disbursements, it will be donated to a *cy pres* recipient approved by the Court.

**What are My Options?** If you are a member of the Class as described above, your legal rights are affected and you have several options: **(1) Submit a Claim:** You may submit a Claim Form at www.[settlementwebsite].com or download the form and submit it by mail, either way by no later than [claims deadline]. Include the Class Member ID on the front of this postcard with your claim.  The information you provide to the Settlement Administrator will be used only to administer the Settlement. **(2) Do Nothing: You will not receive a payment** but you will be bound by the Court's Orders and Judgement and give up your right to sue Telenav and certain other persons and entitles about the legal claims resolved by the Settlement.  **(3) Exclude Yourself:**  Keep the right to sue Telenav about the legal claims resolved by the Settlement, but **you will not receive payment** from this Settlement.  To request exclusion, you must mail a signed statement that says "I wish to be excluded from the Settlement in *Gergetz v. Telenav*, *Inc*.  Case No. 5:16-CV-4261-BLF" to the Settlement Administrator, postmarked by [opt-out deadline]. Specific information is available at www.website.com. **(4) Object/Request to Appear:** Write to the Court and say why you don't like the Settlement and/or request permission to speak at the Final Approval Hearing by [objection deadline].  The Court will hold a Final Approval Hearing at [time] on [date], before the Honorable Beth Labson Freeman in Courtroom 3 Fifth Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113   The Court will consider whether the proposed settlement is fair, reasonable, and adequate and whether to approve the attorneys' fees and costs to Class Counsel and an Incentive Award to the Class Representative, and consider objections, if any.  The motion for attorneys' fees and costs will be posted on the website after it is filed.

**Who Represents Me?** The Court has appointed Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC, and Stefan Coleman of the Law Office of Stefan Coleman, P.A., to be the attorneys representing the Settlement Class. They are called "Class Counsel." You may hire your lawyer at your own expense.

**When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on Month 00, 2018 at 00:00 a.m. at the Robert F. Peckham Federal Building & Courthouse, Courtroom 3 - 5th Floor, 280 South 1st Street, San Jose, CA 95113. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses and a service award to each of the Class Representatives. These requests will be posted on the settlement website.

**<u>How Do I Get More Information?</u>** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.