UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN GERGETZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>TELENAV, INC., a Delaware corporation<br>Defendant. | CASE NO.: 5:16-cv-4261-BLF<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Pending before the Court are Plaintiff Nathan Gergetz's ("Plaintiff" or "Gergetz") Motion for Final Approval of Class Action Settlement (dkt. 75) and Plaintiff's Motion for Award of Reasonable Attorneys' Fees and Expenses, and Incentive Award (dkt. 73) (collectively, the "Motions"). The Court, having reviewed the papers filed in support of the Motions, having heard argument of counsel, and finding good cause appearing therein,

It is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement ("Settlement Agreement").

2.  This Court has jurisdiction over the subject matter of this action and over all Parties to this Action, including all Settlement Class Members ("Settlement Class Members"), which have been certified solely for the purposes of settlement, as defined as any person belonging to either Subclass below:

> The "No Consent Subclass": All persons in the United States who during the Class Period received at least one Download the Scout App Text Message; and/or
>
> The "Stop Subclass": All persons in the United States who during the Class Period received at least one additional message other than a message confirming an opt

out request, after replying STOP, QUIT, END, CANCEL or UNSUBSCRIBE to any text message received from any Telenav Number.

3. On April 30, 2018, this Court granted Preliminary Approval (dkt. 70) to the Settlement Agreement and preliminarily certified a settlement class under Rule 23(b)(3).

4. The Settlement allows for the exclusion from the Settlement Class those persons who submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. No requests for exclusion have been filed.

5. The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.

6. The Court finds that Defendant properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA.

7. The Court now finally certifies the Settlement Class under Rule 23(b)(3), gives final approval to the Parties' Settlement, and finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court also finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the

Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations between the Parties, including negotiations presided over by John Bates, a well-respected mediator, support this finding.

8. The Court finds that both the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and for entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to implement and execute the Settlement Agreement according to its terms and provisions. The Claims Administrator shall pay from the Settlement Fund all Approved Clams, as well as the Settlement Costs and Incentive Award, pursuant to and in the manner provided by the terms of the Settlement Agreement.

10. Subject to the terms and conditions of the Settlement Agreement, the Court hereby dismisses the Action on the merits and with prejudice and orders that this Final Approval Order and Judgment shall constitute a final judgment under Rule 54 that is binding on the parties and the Settlement Class.

11. Upon the Effective Date, Plaintiff and each and every Settlement Class Member who did not timely opt-out of the Settlement Class, shall have fully, finally, and forever released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims (as defined below). The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Persons who fall within the definition of the Settlement Class who timely opt-out of the Settlement in accordance with the terms of this Agreement. The release also does not preclude Settlement Class Members from addressing, dealing with, or otherwise

complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement Agreement.

12. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

13. The Court also grants in part Plaintiff's Motion for Attorneys' Fees. To that end, the Court hereby awards Class Counsel $1,059,539.28 in attorneys' fees and costs.

14. In assessing the Fee Award, the Court has considered the results achieved in this litigation, the risks of litigation, the skill required of Class Counsel and the quality of their work, the contingent nature of the fee and the financial burden carried by the Plaintiff, and awards made in similar cases.

15. In lights of these factors, the Court finds this Fee Award to be fair and reasonable. It represents 30% of the total settlement fund of $3,500,000 made available to the Class, exclusive of the value of the prospective relief contained in the Settlement Agreement, an amount consistent with other fee awards approved by courts in this Circuit. Given the strong results of the Settlement, a Fee Award of 30%, or $ 1,050,000, is reasonable.

16. The Court additionally finds this amount to be fair and reasonable based upon a lodestar cross check. Class Counsel's reported lodestar and the additional work done since that time justifies the reasonableness of the fee award. Class Counsel set forth the hours spent and experience of each attorney working on the case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates. The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class

Counsel and supporting counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class in terms of both monetary and injunctive relief. Class Counsel's total Fee Award is inclusive of costs, which are likewise reasonable based on the documentation and sworn declarations submitted.

17. The Fee Award is also supported by the response of the Class to the Settlement Agreement. There have been no objections or requests for exclusion, and over 2,000 Settlement Class Members filed claims.

18. Defendant shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

19. The Court also grants Plaintiff's request for an Incentive Award of $5,000 to Class Representative Nathan Gergetz, and hereby awards Gergetz $5,000 as an Incentive Award for his role as Class Representative. The Court finds this Incentive Award to be reasonable in light of the Class Representative's willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

20. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

21. This Court hereby directs entry of this Final Approval Order and Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order and Judgment, notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

22. Neither this Final Approval Order and Judgment and dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a) is, may be deemed, or shall be used, offered, or received against Defendant as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could

have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

       (b)     is, may be deemed, or shall be used, offered, or received against Plaintiff or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

       (c)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Class or against Defendant as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

       (d)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class or against Defendant that any of Plaintiff's claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

       (e)     is, may be deemed, or shall be used, offered, or received against Defendant as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment and do not limit the rights of Settlement Class Members.

24. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

Accordingly, JUDGMENT IS HEREBY ENTERED for Plaintiff Nathan Gergetz and the settlement classes, against Defendant Telenav, Inc., in the total amount of $3,500,000. Out of that amount, Plaintiff Nathan Gergetz is awarded $1,050,000 in attorneys' fees, $9,539.28 in expenses, and a $5,000 incentive award.

Dated: September 27, 2018

_____
HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE